No. 41,976

STEVE PERRY, a Minor by and through J. C. PERRY, his father, next friend and natural guardian, *Appellee,* v. S. H. KRESS AND COMPANY, a Corporation, and W. R. LOWE, *Appellants.*

(358 P. 2d 665)

Opinion filed January 21, 1961.

*Kirke C. Veeder,* of Independence, argued the cause and was on the briefs for the appellants.

*Tom Crossan,* of Independence, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: Plaintiff Steve Perry, a minor, by his father J. C. Perry, as next friend and natural guardian, brought this action in the district court of Montgomery County against the defendants, S. H. Kress and Company, a corporation, and W. R. Lowe, the manager of its retail store at Independence, Kansas, to recover damages alleged to have been sustained by such minor by reason of certain acts and conduct on the part of the corporation's manager and employees, while acting within the scope of their employment, at a time when the plaintiff was within the confines of the corporation's place of business.

Inasmuch as the amended petition recites the acts and conduct on which plaintiff relies for recovery and the record makes it appear appellate issues are limited to rulings, hereinafter mentioned, made by the trial court on attacks made against it by the defendants, portions of that pleading will be quoted.

Omitting formal averments, factual assertions relating to matters

previously mentioned, allegations respecting the amount of damages claimed as a result of the alleged acts and conduct, and its prayer, pertinent portions of the amended petition read:

"On March 25, 1959, at about four or five o'clock P. M. the plaintiff . . . was in the defendant's . . . retail store . . . standing near a toy counter.

"As plaintiff was standing near said toy counter, and after he had been in said store for five or ten minutes, S. H. Kress and Company, acting by and through its agents, servants and employees, to-wit: Charles Merchant and W. R. Lowe, . . . unlawfully, falsely and maliciously accused plaintiff of stealing phonograph records from the defendant, . . . Company. Said . . . Lowe and . . . Merchant did then and there take plaintiff in custody, which was accomplished when the said . . . Lowe ordered plaintiff to remain where he was and to submit to a search of his person, and which was accomplished by the said . . . Lowe by placing his hands upon the person and clothing of plaintiff . . . Said . . . Lowe did then and there search the person and clothing of plaintiff by placing his hands upon the person, clothing and in the pockets of plaintiff. Said illegal detention and search was thus accomplished by force and the implied threat of force. Said placing of the hands of the said . . . Lowe upon the person and clothing of plaintiff constituted an assault and battery upon plaintiff and plaintiff was restrained of his liberty for the space of twenty minutes, without reasonable cause and against the will of plaintiff, all at the direction of . . . Lowe . . .

"As a result, thereof, plaintiff was humiliated . . . said false imprisonment caused his credit and standing in the community . . . to be injured; . . . and that he had stopped at said store on his way to his home, when he was thus detained and falsely imprisoned. The plaintiff's mental health has been injured, and he has become mentally depressed; all on account of this false imprisonment . . .

"As a proximate result of said false imprisonment, unlawful search and assault and battery, plaintiff has suffered . . . damages . . ."

With the amended petition in form as just indicated defendants attacked that pleading by a motion wherein they charged in substance that it contained two causes of action, i. e., (1) for the alleged assault and battery upon plaintiff and (2) for the alleged false imprisonment of plaintiff, and asked that plaintiff be required to separately state and number such causes of action, also that he be required to separately state the amount of damages claimed to have been sustained by him for the alleged assault and battery and for the alleged false imprisonment. This motion was overruled on July 1, 1959.

Thereupon defendants filed a demurrer to the amended petition based on grounds (1) that several causes of action were improperly joined therein and (2) that such pleading failed to state facts suf-

ficient to constitute a cause of action in favor of the plaintiff and against the defendants. This demurrer was overruled by the trial court on August 15, 1959.

Thereafter, and on September 5, 1959, defendants perfected the instant appeal under a notice of appeal, reciting they were appealing from the order overruling their motion to require plaintiff to separately state and number his causes of action and allege the damages claimed on account thereof and from the order overruling their demurrer to the amended petition. In this court under proper specifications of error they urge that each of such rulings is erroneous and should be reversed.

The first question raised by appellants is that under the existing facts and circumstances this court has appellate jurisdiction over both of the rulings from which they appeal. We agree.

The clear and unequivocal provisions of G. S. 1949, 60-3302, provide that this court may reverse, vacate or modify any order of the district court or a judge thereof that *overrules or sustains a demurrer.*

Under and by virtue of the provisions of G. S. 1959 Supp., 60-3314a, when an appeal or cross-appeal has been timely perfected the fact that some ruling of which the appealing or cross-appealing party complains of was made more than two months before he perfected his appeal shall not prevent a review of that ruling.

For a recent decision construing the force and effect to be given the last mentioned section of the statute see *Wilson v. Kansas Turnpike Authority,* 181 Kan. 1025, 317 P. 2d 843, where it is held:

"Under the provisions of G. S. 1955 Supp., 60-3314a, where a defendant appeals from an adverse ruling on his demurrer to the petition he may have a review of all prior adverse rulings of which he complains if such rulings are included in his notice of appeal. (Following *Bortzfield v. Sutton,* 180 Kan. 46, 299 P. 2d 584; *Smith v. Wright,* 180 Kan. 584, 305 P. 2d 810.)" (Syl. ¶ 1.)

For other decisions of like import see *Holmes v. Kalbach,* 173 Kan. 736, 252 P. 2d 603; *Foster v. Humburg,* 180 Kan. 64, 70, 299 P. 2d 46; *Williams v. City of Wichita,* 184 Kan. 53, 56, 334 P. 2d 353; *Coe v. DeMars,* 184 Kan. 780, 339 P. 2d 72.

Here, as the facts previously related disclose, appellants included the ruling on their motion to separately state and number, made more than two months before they perfected their appeal, in their notice of appeal and also, as our rules provide (See Rule

5, 186 Kan. xi, G. S. 1949, 60-3826), included that ruling in the specification of errors complained of in their abstract.

Behind all claims of error made in this case, as well as contentions advanced with respect thereto, is the propriety of a fundamental and all-decisive legal question, repeatedly asserted and relied on by appellants, to the effect that assault and battery is no element of an action for false imprisonment. Notwithstanding their insistence we are unable to agree with appellants' position on this point.

Long ago in *Comer v. Knowles*, 17 Kan. (2d. Ed.) 436, in giving consideration to the nature and character of the action of false imprisonment, this court indicated its disagreement with appellants' view when it said:

". . . False imprisonment is necessarily a wrongful interference with the personal liberty of an individual. The wrong may be committed by words alone, or by acts alone, or by both, and by merely operating on the will of the individual, or by personal violence, or by both. It is not necessary that the individual be confined within a prison, or within walls; or that he be assaulted, or even touched. It is not necessary that there should be any injury done to the individual's person, or to his character, or reputation. Nor is it necessary that the wrongful act be committed with malice, or ill-will, or even with the slightest wrongful intention. Nor is it necessary that the act be under color of any legal or judicial proceeding. All that is necessary is, that the individual be restrained of his liberty without any sufficient legal cause therefor, and by words or acts which he fears to disregard. It will therefore be seen that the wrong constituting false imprisonment differs essentially from the wrongs constituting malicious prosecution, malicious arrest, assault, and assault-and-battery, *though all of these wrongs may sometimes be united in one comprehensive and aggregated wrong* . . ." (pp. 440, 441.) (Emphasis supplied.)

Moreover, as we read the authorities from foreign jurisdictions, where the involved question has been squarely raised and decided, it is universally held that the action of false imprisonment always includes the element of an assault in the technical sense and the fact the assault is alleged to have been combined with a battery does not change the character of the action.

See, *e. g., Beardsley v. Soper*, 184 N. Y. (App. Div.) 399, 171 N. Y. S. 1043, where it is held:

"A complaint in an action for false imprisonment which alleges that the defendant, a village police officer, struck the plaintiff upon the head and forcibly took him to the lock-up from which he was released after about twenty-four hours without an arraignment or trial, and that the plaintiff was made sore and sick and was confined to the house for two weeks, only states one

cause of action and hence the plaintiff should not be directed to elect between alleged conflicting claims.

"An action for false imprisonment always involves the element of an assault in a technical sense, and if this technical assault is combined with battery, it does not change the character of the action, but merely serves to increase the actual damages sustained by the plaintiff." (Headnotes 1, 2.)

And in the opinion said:

". . . The action is, of course, for false imprisonment, and there is no merit in the suggestion of the defendant that more than one cause of action was stated in the complaint. The action of false imprisonment always involves the element of an assault in a technical sense, and if this technical assault is combined with battery it does not change the character of the action; it simply serves to increase the actual damages sustained by the plaintiff. The trial court was right, therefore, in refusing to direct the plaintiff to elect between alleged conflicting claims." (pp. 400, 401.)

See, also, *Burkland v. Bliss*, 62 S. D. 91, 252 N. W. 25, which holds:

"Complaint for false imprisonment held not defective because of allegation of use of tear gas gun, since use of gun was element of damage, and did not state separate cause of action." (Syl. ¶ 1.)

And states:

"Counsel for the defendants insist that in the complaint two or more causes of action have been improperly united. The action of false imprisonment always includes at least the element of an assault in the technical sense. 25 C. J. 454. 'Any exercise of force, or express or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment.' 11 R. C. L. 793. 'Such restraint can be accomplished only by some act or conduct equivalent to assault, actual or constructive.' *Cullen v. Dickinson*, 33 S. D. 27, 144 N. W. 656, 657, 50 L. R. A. (N. S.) 987, Ann. Cas. 1916B, 115. If the restraint is combined with an assault with a dangerous weapon or with assault and battery, it does not change the character of the action. The alleged use of the tear gas gun is an element of damage, but does not state a separate cause of action." (p. 93.)

For other decisions of like import see *White v. Thompson*, (Mo.) 176 S. W. 2d 53, 57; *State v. Collins*, (Mo.) 172 S. W. 2d 284.

After a careful analysis of the amended petition, pertinent portions of which have been heretofore quoted, we are convinced this case is founded on false imprisonment and that, regardless whether it is strictly or liberally construed, such pleading states facts sufficient to constitute a cause of action for false imprisonment. Moreover, based on the foregoing authorities and what has been previously stated, we hold that the inclusion in the amended petition of a charge of assault and battery does not (1) change the char-

acter of the action; (2) permit the sustaining of an attack against that pleading on the basis it contains more than one cause of action; (3) warrant the sustaining of a demurrer to such pleading premised on the ground several causes of action are improperly joined therein; nor (4) afford any sound ground for appellants' contention that such pleading is not drawn upon any definite theory and therefore fails to state a cause of action. It necessarily follows the trial court's rulings in denying appellants' motion to separately state and number and in overruling their demurrer to the amended petition were proper.

The judgment is affirmed.