HAMILTON ET AL., APPELLANTS, *v.* EAST OHIO GAS COMPANY
ET AL., APPELLEES.

[Cite as Hamilton v. East Ohio Gas
(1973), 47 Ohio App. 2d 55.]

(No. 7145—Decided June 27, 1973.)

*Messrs. Emershaw & Mushkat,* for appellants.
*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. John Glenn,* for appellees.

MAHONEY, J. On March 22, 1972, Margaret and John Hamilton, the appellants, commenced an action against the defendants, alleging six causes of action. The first five were for (1) assault and battery, (2) false imprisonment, (3) invasion of privacy, (4) slander, and (5) intentional infliction of mental distress, claimed to have been committed by the defendants, William G. Hulbert, and The East Ohio Gas Company, by and through its employees and agents, acting within the scope of their authority, upon the wife, Margaret Hamilton. The sixth was the action of John Hamilton, the husband, for loss of consortium, etc. The defendants answered by denying every allegation.

The record contains many discovery procedures, the results of which are not before the court. Thereafter, the

parties were before the trial court, on January 12, 1973, for some purpose unknown to us, and, at that time, the defendants moved for dismissal, under Civil Rule 12(H)(2), on the grounds that: (1) the court did not have jurisdiction over the subject matter; (2) the court did not have jurisdiction over the person of the defendants; (3) there is no claim upon which relief can be granted.

The defendants argued upon that motion, as they have in their brief, that these actions are barred under R. C. 4123.74, and R. C. 4123.74.1, even if they are intentional torts.

R. C. 4123.74 provides, in pertinent part:

"Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment * * * ."

R.C . 4123.74.1 provides, in pertinent part:

"No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment. * * * ."

The transcript of the hearing on the motion is before this court. It contains only the arguments of counsel, and does not reveal any testimony that may have been taken, or affidavits, stipulations, or agreed statement of facts, if any. Thereafter, the trial court, on February 1, 1972, found that "it lacks jurisdiction over the subject matter of this action," and granted the dismissal.

The trial court, in a subsequent "Finding and Journal Entry" filed February 9, 1973, recited numerous findings of fact and conclusions of law, asserting, in effect, that all of the injuries of the complainant wife were compensable under the workmen's compensation law, and, therefore, neither the wife nor the husband could maintain these actions.

The appellants' brief does not specify any assignments of error, but it does indicate certain questions which they believe to be raised, and it sets forth their belief that the trial court erred in granting defendants' motion to dismiss. However, the brief does contain a statement of facts which admits that the complainant, Margaret Hamilton and the defendants' agents (unidentified), were co-employees of defendant, The East Ohio Gas Company. While the appellant, Margaret Hamilton, in her brief, asserts that she is only appealing the dismissal of the action as it pertains to her fellow employees, this court must regard the questions raised as assignments of error to the dismissal of the action against both defendants.

We have considered all of the record submitted to us, and we have determined that the findings of fact and conclusions of law made by the trial court, in sustaining defendants' motion to dismiss, are not supported by the record.

The questions of (1) agency, (2) employment, (3) fellow employee, (4) course of employment, (5) arising out of employment, (6) nature and extent of injuries, and (7) compensability, are all questions of fact. A jury should determine, also, if the facts relating to a claim fit within the definition of "injury," as provided in R. C. 4123.01(C).

While it is conceivable that an assault and battery may be compensable under the present law, it is difficult for the court to consider intentional torts, such as slander, false imprisonment, and invasion of privacy, as falling within the definition of "injury" as a "physical or traumatic damage or harm accidental in character and result," or "a physical or traumatic damage or harm produced or caused by accidental means." *Hearing* v. *Wylie*, 173 Ohio St. 221.

We are not hereby deciding, in this appeal, the question of the applicability of R. C. 4123.74 and 4123.74.1 to intentional torts. We reserve those issues until they are properly presented for our review.

"Subject matter" is defined as the abstract subject of judicial inquiry. The Court of Common Pleas has always

had original jurisdiction in actions for damages for injuries, or damage arising out of the abstract subjects of assault and battery, slander, false imprisement, invasion of privacy and any intentional tort.

If all or any one of those causes of actions are barred by R. C. 4123.74 or 4123.74.1, the defendants should properly plead their contention as a defense, and then it could be tested by a proper motion under Civil Rule 56, or otherwise.

The defendants submitted themselves to the jurisdiction of the court when they filed their answer.

That part of defendants' motion, relating to the complainants' failure to state a claim upon which relief can be granted, is partially tenable. The complaint, in each of its claims, adequately sets forth a cause of action, with the exception of claim number five. Claim number five is simply a duplication of the content of the first four claims, and the allegation that the acts were intentional. All of this matter goes to the question of punitive damages, and it is not the subject of a separate cause of action.

Accordingly, the trial court's order, in dismissing claim number five of the complaint, will be sustained, and, in all other respects, it will be overruled. This cause, therefore, is reversed in part and remanded to the trial court for further proceedings, according to law.

*Judgment accordingly.*

BRENNEMAN, P. J., and VICTOR, J., concur.