THE STATE OF OHIO, APPELLANT, *v.* ADAMS, APPELLEE.

(No. 83-CA-63—Decided March 5, 1984.)

*Mr. James R. Livingston,* prosecuting attorney, and *Mr. Stephen W. King,* for appellant.

*Mr. DeWayne Smith,* for appellee.

BROGAN, P.J. Defendant-appellee, John Adams, pled no contest to two counts of bribery in violation of R.C. 2921.02 in the Miami County Court of Common Pleas. The trial court found him guilty of the two counts, and judgment and sentence were thereupon entered.

Thereafter, Adams filed a motion for return of property with the trial court, the state countering by filing a motion that the money be retained by the city of Piqua. The property consisted of five one hundred dollar bills, and one twenty dollar bill. The record indicates that defendant paid Sam Shaw, city of Piqua Power Plant Superintendent, twenty dollars on one occasion and five hundred dollars on another in order to insure that repair business for the plant went to defendant's company. The money was turned over to the police by Shaw after he received it. The trial court on November 18, 1983 sustained defendant's motion for return of property, and overruled the state's motion and the state has appealed.

342

As its sole assignment of error, the state maintains that the trial court erred in sustaining defendant's motion for return of property, as R.C. 2933.41 is applicable and forfeiture is appropriate.

R.C. 2933.41 reads, in pertinent part:

"(A) Property that has been lost, abandoned, stolen, or lawfully seized or forfeited, and that is in the custody of a law enforcement agency, shall be safely kept pending the time it is no longer needed as evidence, and shall be disposed of pursuant to this section.

"(B) The law enforcement agency shall make a reasonable effort to locate the persons entitled to possession of property in its custody, and to notify them when and where it may be claimed. In the absence of evidence identifying persons entitled to custody, it is sufficient notice to advertise in a newspaper of general circulation in the county, briefly describing the nature of the property in custody, and inviting persons to view and establish their right to it.

"(C) A person loses any right he may have to possession of property:

"(1) That was the subject, or was used in a conspiracy or attempt to commit, or in the commission, of an offense other than a traffic offense, and such person is a conspirator, accomplice, or offender with respect to the offense;

"(2) When, in light of the nature of the property or the circumstances of such person, it is unlawful for him to acquire or possess it."

We conclude that an analysis of this case under division (C) of R.C. 2933.41, in conjunction with State v. Lilliock (1982), 70 Ohio St. 2d 23 [24 O.O.3d 64], is not warranted, as defendant is barred from establishing a right to the money he gave to another as a bribe. See Paton v. Corrigan (App. 1957), 77 Ohio Law Abs. 67.

Because bribery places claimants and the person they corrupt in pari delicto, no recovery of the property from the person or from the United States after it has been taken from the person being possible, Clark v. United States (1880), 102 U.S. 322, the modern rule is that one cannot maintain an action to recover money paid or property transferred to another person for the purpose of bribing him. Annotation (1958), 60 A.L.R. 2d 1271, 1274.

Finally, public policy dictates that money used in a bribe not be returned to the briber regardless of whether the bribe is successful or unsuccessful.

In State v. Strickland (1979), 42 Md. App. 357, 400 A. 2d 451, the Court of Special Appeals of Maryland reversed the judgment of the trial court ordering money returned to the defendant who had used such money to bribe a trial judge. The money had been introduced into evidence as an exhibit at the defendant's hearing on defendant's plea of guilty. The court held that absent a statute directing the return of monies used in a bribe, public policy forbids the return of such money to the briber whether his efforts be a success or a failure. (In this case appellee's efforts failed.) The court stated in its opinion as follows:

"The appellee, James Lenwood Strickland, for whatever else he may lack, suffers not for want of chutzpah.[1] * * *" Id. at 358, 400 A. 2d at 452.

"A basic principle of contract law is that agreements to commit a crime are illegal, void. Without question, courts will not order damages for breach of such a contract. Parties of that ilk are left where they are found, to stew in their own juice. Certa v. Whittman, 35 Md. App. 364, 370, 370 A. 2d 573, 577 (1977). * * *" Id. at 362, 400 A. 2d at 454.

---

[1] "Chutzpah is of Yiddish origin. It means that a person has 'gall, moxie, nerve and audacity compounded with brazen asser-tiveness.' Morris, Dictionary of Word and Phrase Origins (1977) pg. 132." State v. Strickland, supra, at 358, 400 A. 2d at 452.

"The public expects that the courts will administer justice both fairly and impartially. Any attempt to bribe a member of the judiciary, or one of the satellites of the judiciary, is a reprehensible, odious act striking at the heart of the judicial system. [*State* v.] *Gunzelman, supra* [(1967), 200 Kan. 12, 434 P.2d 543]. For the bribe then to be repaid to the briber, on order of a court, erodes the public's confidence in the court's common sense and judgment. The law is firm that a murderer may not inherit from his victim. *Pannone* v. *McLaughlin,* 37 Md. App. 395, 377 A. 2d 597 (1977). It is equally as firm that a briber cannot recover the bribe." *Id.* at 364, 400 A. 2d at 455.

The November 18, 1983 judgment of the trial court sustaining defendant's motion for return of property is reversed and this cause is remanded for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

KERNS and WILSON, JJ., concur.