WITCHER, Admr., Appellant,

v.

City of FAIRLAWN, Appellee.

[Cite as *Witcher v. Fairlawn* (1996), 113 Ohio App.3d 214.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17745.

Decided July 31, 1996.

*William L. Blake,* for appellant.

*Richard E. Dobbins,* for appellee.

EDWARD J. MAHONEY, Judge.

Plaintiff, John Witcher, by and through his administrator, Lois Witcher, appeals the Summit County Court of Common Pleas grant of judgment in favor of defendant, city of Fairlawn, Ohio. We affirm.

In 1980, John Witcher patronized the Summit Mall in Fairlawn, Ohio. He purchased some items with two $100 bills. A store clerk thought the bills were counterfeit and called mall security who in turn contacted Fairlawn Police Department. The police arrived, and, according to Witcher, "detained [him], greatly embarrassing and humiliating him." The police contacted the manager of a bank within the mall who examined the bills and informed the police that the bills were genuine. The police then released Witcher.

In 1981, Witcher sued several parties for false imprisonment. The case took several procedural turns including two reversals by this court. *Witcher v. Fairlawn* (July 7, 1993), Summit App. No. 15982, 1993 WL 243803, and (June 15, 1994), Summit App. No. 16591, unreported, 1994 WL 263185. Ultimately, Witcher's claim remained only against Fairlawn. In 1995, Witcher died and his wife filed a suggestion of death with the trial court and substituted herself as administrator of his estate. Fairlawn then moved to dismiss the complaint, arguing that the cause of action for false imprisonment did not survive Witcher's death.

The trial court found that the cause of action did not survive. In its ruling, the trial court reasoned that false imprisonment involves an injury to the personal rights of the plaintiff and not injuries to the plaintiff's physical body. Therefore, false imprisonment is similar to the torts of libel, slander, malicious prosecution and invasion of privacy because these torts also provide causes of action for the infringement of personal rights. Consequently, the false imprisonment action did not survive Witcher's death inasmuch as libel, slander, etc. do not survive pursuant to Ohio's abatement statutes.

Appellant raises one assignment of error. Appellant contends that the trial court incorrectly determined that the cause of action did not survive Witcher's death. Appellant argues that Ohio's abatement statutes do not specifically state that false imprisonment abates at the time of plaintiff's death. Appellant urges

this court to liberally construe these statutes to allow the cause of action to go forward. Moreover, appellant contends that the tort of false imprisonment inherently contains within it an assault. Appellant argues that because the false imprisonment tort requires at least a threat of force, the threat of force necessarily demonstrates that an assault is contained within false imprisonment inasmuch as an assault, which places the plaintiff in apprehension of a battery, would occur when the threat of force is made. Consequently, appellant contends this court should overrule the trial court's dismissal of the lawsuit.

█ This court initially notes that appellee never captioned its motion to dismiss under one of the specific categories of Civ.R. 12(B). Inasmuch as the appellee's motion and the trial court's ruling centered on whether appellant could state a claim upon which relief could be granted, this court applies the appropriate standard of review under Civ.R. 12(B)(6). "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. The trial court's focus should be strictly upon the complaint as factual findings are never required. See *State ex rel. Drake v. Athens Cty. Bd. of Elections* (1988), 39 Ohio St.3d 40, 41, 528 N.E.2d 1253, 1254. "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. Since only legal issues are presented, an entry of a dismissal on the pleadings is reviewed *de novo*. *Plazzo v. Nationwide Mut. Ins. Co.* (June 24, 1992), Summit App. No. 15370, unreported, at 3, 1992 WL 150282.

R.C. 2305.21 governs the survival of causes of action and provides:

"In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto."

In addition, R.C. 2311.21 governs the abatement of actions and states:

"Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a judge of a county court for misconduct in office, which shall abate by the death of either party."

Initially, this court addresses the issue of whether false imprisonment survived at common law. If so, it would survive along with the specific causes of action

listed in R.C. 2305.21. False imprisonment, however, did not survive at common law. Prosser & Keeton, The Law of Torts (5 Ed.1984) 940–941, Section 125A; 1 American Jurisprudence 2d (1994) 134, Abatement, Survival and Revival, Section 83. Therefore, false imprisonment would not fall within the statute's allowance of a cause of action to survive if it survived at common law.

Because false imprisonment did not survive at common law, we must engage in a more detailed analysis. The statutory framework does not specifically state whether false imprisonment abates upon the death of the plaintiff. Standing alone, R.C. 2311.21 arguably would allow appellant's cause of action to proceed because it omits false imprisonment from the list of abated causes of action. See *Stow v. Summit Cty.* (1990), 70 Ohio App.3d 298, 300, 590 N.E.2d 1363, 1364 (holding that the statutory construction principle of *expressio unius est exclusio alterius* dictates that the expression of one or more items of a class implies that those not identified are to be excluded). This court's analysis, however, is not limited to R.C. 2311.21, but also must include R.C. 2305.21. There, the language pertinent to this case is "causes of action for * * * injuries to the person * * * may be brought notwithstanding the death of the person entitled or liable thereto." The central issue, therefore, is whether false imprisonment constitutes a cause of action for an "injury to the person."

In order for an action to survive under R.C. 2305.21, the action must be for injuries to the person and "that term means physical injuries." *Oakwood v. Makar* (1983), 11 Ohio App.3d 46, 47, 11 OBR 79, 81, 463 N.E.2d 61, 64, citing *Joyce v. Columbus* (App.1936), 21 Ohio Law Abs. 649. For the reasons that follow, this court determines that the tort does not involve physical injuries. Rather, the tort involves injury to the plaintiff's personal rights and, thus, the cause of action does not survive.

The elements of false imprisonment are well settled. To be liable for false imprisonment the defendant must have intentionally confined the plaintiff within a limited area, for any appreciable time, without lawful privilege or the plaintiff's consent. *Feliciano v. Kreiger* (1977), 50 Ohio St.2d 69, 71, 4 O.O.3d 158, 159–160, 362 N.E.2d 646, 647–648. Confinement consists of a "total detention or restraint upon [the plaintiff's] freedom of locomotion, imposed by force or threats." *Toledo v. Lowenberg* (1955), 99 Ohio App. 165, 167, 58 O.O. 272, 273, 131 N.E.2d 682, 684. If the plaintiff does not offer any proof of confinement, then the cause of action fails as a matter of law. See, *e.g., Mullins v. Rinks, Inc.* (1971), 27 Ohio App.2d 45, 48, 56 O.O.2d 218, 220, 272 N.E.2d 152, 154.

Although the elements of false imprisonment are well settled, Ohio courts have not directly determined whether these elements demonstrate that the injury constitutes physical injury to the plaintiff's body. Both the Supreme Court of Ohio and Ohio appellate courts, however, have discussed the tort not in terms of

physical injury but in terms of injury to something else, namely, to the plaintiff's right to be free from unlawful or tortious restraint.

In *Brinkman v. Drolesbaugh* (1918), 97 Ohio St. 171, 119 N.E. 451, paragraph one of the syllabus, the Supreme Court of Ohio defined false imprisonment as a "legal status known in law as an unlawful detention or illegal deprivation of one's liberty." In a later case, the Supreme Court characterized "false imprisonment" as the "unlawful violation of the personal liberty of another." *Rogers v. Barbera* (1960), 170 Ohio St. 241, 243, 10 O.O.2d 248, 249, 164 N.E.2d 162, 164. The Supreme Court considered the essence of the tort to be the deprivation of the plaintiff's liberty. *Id.* Similarly, the Court of Appeals for Montgomery County characterized the tort as an invasion of the plaintiff's rights. *Younce v. Baker* (1966), 9 Ohio App.2d 259, 260, 38 O.O.2d 316, 317, 224 N.E.2d 144, 145–146. Likewise, the Court of Appeals for Hamilton County opined that false imprisonment "involve[s] injury to personal liberty." *Courtney v. Rice* (1988), 46 Ohio App.3d 133, 137, 546 N.E.2d 461, 465. Finally, this court has also characterized false imprisonment in terms other than that of bodily injury where we stated that "it is difficult for the court to consider intentional torts, such as slander, false imprisonment, and invasion of privacy, as falling within the definition of 'injury' as a 'physical or traumatic damage or harm accidental in character and result[.]'" *Hamilton v. E. Ohio Gas Co.* (1973), 47 Ohio App.2d 55, 57, 1 O.O.3d 177, 178, 351 N.E.2d 775, 777. While *Hamilton* specifically dealt with the issue of whether a plaintiff could recover for false imprisonment under the Workers' Compensation Act, this does not diminish the relevance of the case inasmuch as bodily injury is the same whether the plaintiff seeks relief under workers' compensation law or tort law.

The thrust of these cases indicates that false imprisonment concerns itself with the plaintiff's liberty rather than physical injury. Specifically, the tort provides a cause of action for deprivation of the plaintiff's freedom of movement. The focus, therefore, is on the infringement upon the plaintiff's liberty to move wherever he or she may lawfully go rather than on whether the plaintiff sustained physical injury. Consequently, because the nature of the tort does not consist of physical injury, the tort does not fall within those that cause "injuries to the person" pursuant to R.C. 2305.21. See *Oakwood*, 11 Ohio App.3d at 47, 11 OBR at 81, 463 N.E.2d at 64. Therefore, the tort does not survive the plaintiff's death.

Appellant nevertheless argues that because false imprisonment requires at least a threat of force, the threat of force necessarily demonstrates that an assault is contained within false imprisonment inasmuch as an assault, which places the plaintiff in apprehension of a battery, would occur when the threat of force is made. Because assault survives the death of the plaintiff, false imprison-

ment should also survive. Appellant relies on decisions of the Supreme Courts of South Dakota and Kansas in support of this argument.

In *Burkland v. Bliss* (1933), 62 S.D. 91, 252 N.W. 25, the Supreme Court of South Dakota held:

"The action of false imprisonment always includes at least the element of an assault in the technical sense. 'Any exercise of force, or express or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or go where he does not wish to go, is an imprisonment.' 'Such restraint can be accomplished only by some act or conduct equivalent to assault, actual or constructive.'" (Citations omitted.) *Id.*, 62 S.D. at 93, 252 N.W. at 26–27.

Likewise, in *Perry v. S. H. Kress & Co.* (1961), 187 Kan. 537, 358 P.2d 665, the Supreme Court of Kansas also held that false imprisonment includes the element of assault in at least the technical sense. *Id.*, 187 Kan. at 540–541, 358 P.2d at 667–668. Appellant urges this court to adopt this approach.

This court does not agree with appellant's assertion. As we have previously determined, the nature of the tort as defined by courts of this state focuses on false imprisonment as a deprivation of liberty and not a physical injury. As such, the cause of action is to remedy the infringement upon the plaintiff's *right* of movement. Therefore, this court cannot adopt appellant's argument.

In sum, the trial court correctly dismissed appellant's cause of action because it could not state a claim upon which relief could be granted inasmuch as this claim abated at Witcher's death. Accordingly, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment accordingly.*

QUILLIN, P.J., and SLABY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.