OPINION
This appeal arises from the dismissal of Appellant's complaint in Mahoning County Court of Common Pleas for failure to state a claim upon which relief can be granted. For the following reasons, we affirm the decision of the trial court.
On April 29, 1998, Appellant, Samuel Buoscio, filed a pro-se complaint alleging breach of contract in the Mahoning County Court of Common Pleas. Attached to the complaint was a copy of a so-called two-page contract in which Appellant claimed to have paid $10,000.00 to Appellee, Rose Colucci, in exchange for receiving political favors from Appellee if she were elected to the office of precinct committeewoman. The alleged contract also stated that Appellee would return the $10,000.00 to Appellant if she was unable to fulfill the terms of the contract. Appellant's only request for relief is that Appellee return the $10,000.00 he allegedly paid to Appellee.
On May 27, 1998, Appellee filed her answer which raised five affirmative defenses, including that Appellant had failed to state a claim upon which relief could be granted. Appellee's answer also contained a motion that the complaint be dismissed.
On July 14, 1998 the trial court filed a judgment entry dismissing the complaint. The reason given for the dismissal was that the alleged contract included a promise to do an unlawful act, namely perform political favors, and was therefore not a contract at all. On August 4, 1998 Appellant filed this pro-se appeal of the dismissal of his complaint.
Appellant's only assignment of error states:
 "THE TRIAL COURT ERRED AND OR ABUSED ITS DISCRETION WHILE ADJUDICATING THE NATURE AND ISSUE OF A CONTRACT IN VIOLATION OF THE UNITED STATES CONSTITUTION, AMENDMENTS FIVE AND FOURTEEN AND, THE OHIO CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN."
An appellate court reviews de novo an order by a lower court dismissing a complaint for failure to state a cognizable claim.Witcher v. Fairlawn (1996), 113 Ohio App.3d 214, 216; Civ.R. 12 (B) (6). "In construing a complaint upon which a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." Mitchelv. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.
Civ.R. 10 (B) requires that if a claim is based on a written instrument, the instrument must be attached to the pleading. Appellant attached a copy of the alleged contract to his complaint.
 "Where a claim is founded on some written instrument and a copy thereof is attached to the complaint in accordance with Civil Rule 10 (D), the court, in ruling on a Civil Rule 12 (B) (6) motion to dismiss for failure to state a claim, must avoid interpreting such instrument at that pre-trial stage unless it is so clear and unambiguous on its face that the court can determine to a certainty that the plaintiff would be entitled to no relief under any provable set of facts."
Slife v. Kundtz Properties, Inc. (1974), 40 Ohio App.2d 179 at paragraph three of the syllabus.
It is an elementary axiom of contract law that no valid contract can be made which is contrary to statute. Martin v.Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478, 480.Tamarkin v. The Children of Israel, Inc. (1965), 2 Ohio App.2d 60,69. "A basic principle of contract law is that agreements to commit a crime are illegal, void. Without question, courts will not order damages for breach of such a contract. Parties of that ilk are left where they are found, to stew in their own juices."State v. Adams (1984), 14 Ohio App.3d 341, 342, quoting State v.Strictland (1979), 42 Md. App. Ct. 357, 362, 400 A.2d 451, 454. "Courts of law and courts of equity will decline to enforce obligations created by contract if the contract is illegal or the consideration given for it is illegal, immoral, or against public policy." Langer v. Langer (1997), 123 Ohio App.3d 348, 354. Seealso Cincinnati v. Ohio Council 8, American Fedn. of State, Cty. Mun. Emp., AFL-CIO (1991), 61 Ohio St.3d 658, 664; Bell v.Northern Ohio Tel. Co. (1948), 149 Ohio St. 157, 158; Marsh v.Lampert (1998), 129 Ohio App.3d 685, 687; Kraft Constr. Co. v.Cuyahoga Cty. Bd. of Commrs. (1998), 128 Ohio App.3d 33, 44;Walsh v. Bollas (1992), 82 Ohio App.3d 588, 593; Beverage Sales,Inc. v. Burger Brewing Co. (1959), 110 Ohio App. 492, 494.
The alleged contract in the case under review states that Appellee promised to, "perform political favors for Samuel Buoscio" throughout her term of office if elected to the position of precinct committeewoman. In exchange for this promise Appellant allegedly paid Appellee $10,000.00. These supposed contractual provisions violates at least three criminal laws. The payment of money to influence a public official with respect to the discharge of his or her official duties is bribery in violation of R.C. § 2921.02, a third degree felony. The purported contract provision likely violate the corrupt elections practice statute (R.C. § 3599.05) and campaign contribution laws (R.C. § 3517.13(F)), as well.
Even assuming that the contract was otherwise validly executed, its terms are patently in furtherance of criminal ends and abhorrent to the public policy of preserving the integrity of our representative form of government. "[P]ublic policy dictates that money used in a bribe not be returned to the briber regardless of whether the bribe is successful or unsuccessful." Adams, supra,
at 342. Regardless of any other facts that Appellant might be able to prove, the trial court could not grant any relief to Appellant due to the reprehensible purpose of the alleged contract. A person bringing an action to reclaim money paid as a bribe cannot get relief from the courts no matter how creatively or audaciously the claim is framed. Annotation (1958), 60 A.L.R.2d 1273, 1274. "All writers agree in this, that no polluted hand shall touch the pure fountains of justice." Roll v. Raquet
(1831), 4 Ohio 400, 406.
For the foregoing reasons, we affirm the judgment of the trial court.
Vukovich, J., Cox, P.J., concurs.
 APPROVED: _________________________ CHERYL L. WAITE, JUDGE