JOURNAL ENTRY and OPINION
Plaintiff-appellant Charles Murray, administrator of the estate of Sam Sheppard ("estate"), appeals from the jury's verdict denying the estate's claim for relief. We find no merit to the appeal and affirm.
On December 21, 1954, Dr. Samuel Sheppard was convicted of the murder of his wife, Marilyn Sheppard, and was sentenced to life in prison. After being incarcerated for ten years, his conviction was reversed and he was granted a new trial by the United States Supreme Court on the basis that he had been denied a fair trial. Sheppard v. Maxwell (1966), 384 U.S. 333. Upon retrial, Sheppard was found not guilty. He was discharged from prison in 1966 and died on April 6, 1970.
On October 19, 1995, twenty-five years after Sheppard's death and almost thirty years after his acquittal, Alan Davis, special administrator of Sheppard's estate,[1] filed a "Petition for Declaration of Innocence as a Wrongfully Imprisoned Individual" in the original criminal case in common pleas court. This petition sought to determine that, pursuant to R.C. 2305.02, Sheppard was innocent and had been wrongfully imprisoned.
Davis subsequently filed a second petition for declaration of innocence on July 24, 1996 in the civil division of the common pleas court, after it was determined the action was a civil matter.
On August 8, 1996, the State moved to dismiss the case, alleging that the petition failed to state a claim upon which relief could be granted. Specifically, the State alleged that the petition was barred due to laches, that the statute of limitations had expired, and that the estate's administrator lacked standing to file suit on Sheppard's behalf. The trial court denied the motion to dismiss without opinion. The State filed an answer raising as affirmative defenses the same issues it presented in its motion to dismiss.
On May 7, 1997, the State filed a Civ.R. 12(C) motion for judgment on the pleadings, again arguing that the statute of limitations had expired, that the administrator of the estate lacked standing under the wrongful imprisonment statute, and that laches prevented the claim. On June 3, 1997, the trial court denied the motion.
On June 8, 1997, the Prosecuting Attorney for Cuyahoga County filed a petition for a writ of prohibition with the Ohio Supreme Court, seeking to prohibit the Honorable Ronald Suster and the the Cuyahoga County Court of Common Pleas from conducting further proceedings, claiming that the lower court lacked jurisdiction. The arguments in the petition were identical to those raised in the State's motions before the trial court.
The Ohio Supreme Court in State ex rel. Tubbs Jones, ProsecutingAttorney v. Suster, Judge, et. al. (1998), 84 Ohio St.3d 70, denied the writ, finding that the issues raised were not jurisdictional and, therefore, an adequate remedy existed to raise the arguments on direct appeal.
On September 10, 1999, the State filed a motion for summary judgment, again asserting that the statute of limitations had expired, that the administrator of the estate lacked standing, and that laches prevented the action. The trial court denied the summary judgment motion without opinion on January 24, 2000.
The case then proceeded to a jury trial on February 7, 2000. On April 12, 2000, the jury returned a verdict in favor of the State.
The estate now appeals and assigns four assignments of error.
 I. THE TRIAL COURT ERRED BY GRANTING LEAVE TO AMEND ITS ANSWER FOUR YEARS AFTER THE START OF LITIGATION, HOLDING THAT THE STATE OF OHIO HAS THE RIGHT TO A JURY TRIAL, AND ALLOWING THE INSTANT CASE TO BE TRIED BY A JURY.
 II. THE TRIAL COURT ERRED BY REFUSING TO ADMIT PLAINTIFF-APPELLANT'S PROFFERED EXPERT PSYCHIATRIC TESTIMONY REGARDING THE PROPENSITY AND LIKELIHOOD OF PLAINTIFF-APPELLANT'S DECEDENT TO COMMIT A CRIME, WHILE ALLOWING DEFENDANT-APPELLEE TO INTRODUCE EXPERT CRIME SCENE ANALYSIS TESTIMONY BASED ON THE SAME INFERENCES.
 III. THE TRIAL COURT ERRED BY ALLOWING DEFENDANT-APPELLEE TO READ TRANSCRIBED TESTIMONY TO THE JURY FROM THE CRIMINAL TRIAL IN WHICH PLAINTIFF-APPELLANT'S DECEDENT WAS CONVICTED, ALTHOUGH THE TRIAL WAS REPEATEDLY DECLARED TO BE CONTAMINATED, AND CONDUCTED IN VIOLATION OF PLAINTIFF-APPELLANT'S DECEDENT'S CONSTITUTIONAL RIGHTS.
 IV. THE TRIAL COURT ERRED BY EXCLUDING EVIDENCE TENDING TO SHOW THAT A THIRD PARTY COMMITTED THE CRIME FOR WHICH PLAINTIFF-APPELLANT'S DECEDENT WAS CONVICTED, WHILE ALLOWING DEFENDANT-APPELLEE TO INTRODUCE PREJUDICIAL CHARACTER EVIDENCE OF THE DECEDENT.
We first address the State's motion to dismiss the appeal. The State argues that the estate's notice of appeal was untimely because the trial court dismissed the case with prejudice on May 30, 2000, and the estate did not file its notice of appeal until July 28, 2000.
The trial court issued the following entry on May 30, 2000:
 JE dated 4/20/00 is a final entry. Remove case from active docket.
On this entry, the trial court marked the box "dismissed with prejudice." The record does not support a basis for the court's marking the box "dismissed with prejudice." There is no evidence that the parties entered into a settlement agreement after the jury verdict and Civ.R. 41(A)(2) and (B) does not provide a basis for the court's sua sponte dismissing a case with prejudice after a jury verdict has been entered. Furthermore, it appears that the trial court did not intend the journal entry to have the effect of a dismissal with prejudice because it proceeded to rule on the motion for judgment notwithstanding the verdict on July 3, 2000, after entering the May 30, 2000 journal entry.
We, therefore, find the estate's appeal from the date of the trial court's denial of the motion for judgment notwithstanding the verdict was timely filed.
Although we find no merit to the State's motion to dismiss the appeal, we nonetheless find that we need not address the estate's assignments of error because we find that the statute of limitations has expired on the estate's claim and that the claim for wrongful imprisonment abates upon the death of the individual who was allegedly wrongfully imprisoned.[2]
R.C. 2305.07 states as follows:
 Except as provided in sections 126.301 [126.30.01] and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause of action thereof accrued. (Emphasis added).
R.C. 2743.48 was enacted to provide compensation to innocent persons who have been wrongfully convicted and incarcerated for a felony. Waldenv. State (1989), 47 Ohio St.3d 47, 53. Without the enactment of R.C.2743.48, the State would remain immune from such lawsuits. Id. It is, therefore, a claim derived from the enactment of a statute. Consequently, pursuant to R.C. 2305.07, the statute of limitations for filing a claim for wrongful imprisonment is six years.[3]
To find that the statute of limitations could extend as long as thirty years after the person has been acquitted leads to evidentiary problems. Many of the witnesses have died and the surviving witnesses' memories have faded. The ability to glean the physical evidence from long ago in a prior proceeding is also a daunting task. Therefore, based on public policy alone, it could not have been the intent of the legislature to permit such a cause of action to be brought without any time limitation whatsoever.
We also find that the claim for wrongful imprisonment abates upon the death of the individual allegedly wrongfully imprisoned. R.C. 2305.21
governs the survival of causes of actions and provides:
 In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto.
As we stated above, the right to sue the State for wrongful imprisonment was created by R.C. 2743.48. Walden v. State, supra. Before the creation of this statute, the State had sovereign immunity against such suits. Id. No right existed in common law in which a wrongfully imprisoned person could pursue an action against the State. Bennett v.Ohio Department of Rehabilitation and Correction (1991), 60 Ohio St.3d 107,110; Wright v. State (1990), 69 Ohio App.3d 775, 779. Therefore, the estate's claim does not survive under the R.C. 2305.21 exception for claims that existed at common law.
The claim also does not qualify as "injuries to the person" under R.C.2305.21. Ohio law has held that "injuries to the person" means physical injuries. Witcher v. Fairlawn (1996), 113 Ohio App.3d 214, 217; Oakwoodv. Makar (1983), 11 Ohio App.3d 46, 47. The injury caused by being wrongfully imprisoned is a violation of one's personal rights, not a physical injury. See, Witcher, supra. (Torts such as false imprisonment and malicious prosecution do not survive because they are violations of personal rights, not physical injuries).
Further, R.C. 2743.48 states in relevant part:
 (A) As used in this section, a "wrongfully imprisoned individual" means an individual who satisfies each of the following:
 (1) He was charged with a violation of a section of the Revised Code by an indictment or information prior to, or on or after, September 24, 1986, and the violation charged was an aggravated felony or felony.
 (2) He was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which he was found guilty was an aggravated felony or felony.
 (3) He was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which he was found guilty.
 (4) The individual's conviction was * * * reversed on appeal * * *.
 (5) Subsequent to his sentencing and during or subsequent to his imprisonment, it was determined by a court of common pleas that the offense of which he was found guilty, including all lesser-included offenses, either was not committed by him or was not committed by any person.
This statute clearly only refers to the individual who was actually imprisoned. As the court held in Wright, supra at 781, "It is not the judiciary's function to rewrite laws according to what the court perceives as just but to enforce the literal writing of the statute whenever possible. Bd. of Edn. v. Fulton Cty. Budget Comm. (1975),41 Ohio St.2d 147. Regardless of the method of interpretation used, absent ambiguity, a court will not delve into the legislative intent but will give effect to the plain meaning of the statute * * *." The administrator of the estate cannot meet any of the requirements of the "individual" as set forth in R.C. 2743.48(A)(1) through (4).
Because the statute of limitations expired on the estate's claim and because the claim abated upon the death of Samuel H. Sheppard, we find that the State's motion to dismiss should have been granted.
Since we find the matter should not have proceeded to trial, the assignments of error raised by the estate are moot and need not be addressed. App.R. 12(A)(1)(c).
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J. and JAMES J. SWEENEY, J. CONCUR
[1] Alan Davis died in September 1999, and Charles Murray, the new administrator, was substituted as a party by the estate on February 12, 2000.
[2] The State raised these arguments in its response brief without filing a cross appeal. However, pursuant to App.R. 3(C)(2) a cross appeal is not necessary when the arguments raised do not seek to change the judgment but merely raise alternative grounds in support of the judgment that were either ignored or overlooked by the trial court. Kaplysh v.Takieddine, et al. (1988), 35 Ohio St.3d 170, 175.
[3] Interestingly, the statute of limitations for a common law cause of action for false imprisonment is one year pursuant to R.C.2305.11(A).