[Cite as *Martin v. Morgan Cty. Agricultural Soc.*, 2013-Ohio-3106.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| EDWARD and AMY MARTIN | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiffs-Appellants | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 12 AP 0009 |
| MORGAN COUNTY AGRICULTURAL<br>SOCIETY | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No.  11 CV 0130


JUDGMENT:     Reversed and Remanded


DATE OF JUDGMENT ENTRY:     July 12, 2013


APPEARANCES:

For Plaintiffs-Appellants

MARK E. DEFOSSEZ
CURTIS M. FIFNER
THE DONAHEY LAW FIRM
495 South High Street, Suite 300
Columbus, Ohio  43215

For Defendant-Appellee

KATHERINE A. CLEMONS
MARKESBERY & RICHARDSON
Post Office Box 6491
Cincinnati, Ohio  44206

*Wise, J.*

{¶1}    Appellants Edward and Amy Martin appeal the decision of the Court of Common Pleas, Morgan County, which granted summary judgment in favor of Appellee Morgan County Agricultural Society in an action alleging employer intentional tort, negligence, and other claims. The relevant facts leading to this appeal are as follows.

{¶2}    In February 2009, Appellant Edward began working at appellee's golf course, as part of the county's public works relief program. Among his job duties was cutting grass with a Toro Reelmaster 216 riding lawn mower.

{¶3}    On July 24, 2009, Edward was allegedly injured when he reached with his hand to clean off the Toro's rollers while the blades on the mower's reels were still spinning. According to Edward's deposition testimony, he had hit the switch to shut the blades off, but he subsequently theorized that the switch may have only turned off halfway and then popped back into an "on" position. *See* Edward Martin Depo. at 72-73.

{¶4}    On July 21, 2011, appellants filed a complaint in the Morgan County Court of Common Pleas alleging, inter alia, employer intentional tort and negligence. Appellants named as defendants the Morgan County PWRE (a relief program under the Morgan County DJFS), the Morgan County Fairgrounds Golf Course, the Toro Company, one John Doe Corporation, and five John Does.

{¶5}    Appellants subsequently substituted, as defendants, Morgan County for Morgan County PWRE, and Appellee Morgan County Agricultural Society for the Morgan County Fairgrounds Golf Course. However, Morgan County was dismissed in June 2011, and the Toro Company was dismissed in November 2011. Furthermore, it

does not appear that service was ever perfected on the John Doe corporation or the individual John Does.

{¶6} On July 30, 2012, Appellee Morgan County Agricultural Society, the sole remaining party-defendant, filed a motion for summary judgment.

{¶7} On August 22, 2012, the trial court rendered a judgment entry granting summary judgment in favor of appellee.

{¶8} On September 4, 2012, appellants filed a notice of appeal. They herein raise the following three Assignments of Error:

{¶9} "I. THE TRIAL COURT ERRED BY PERMITTING APPELLEE TO ASSERT AN AFFIRMATIVE DEFENSE IT HAD PREVIOUSLY WAIVED.

{¶10} "II. BECAUSE THE DEFENSE OF EMPLOYER IMMUNITY PURSUANT TO R.C. § 4123.74 AND R.C. § 4127.10 WAS WAIVED, THE TRIAL COURT ERRED BY APPLYING AN INTENT STANDARD, AS OPPOSED TO A NEGLIGENCE STANDARD.

{¶11} "III. IF APPELLANT MARTIN IS CONSIDERED TO BE APPELLEE'S 'EMPLOYEE,' THE TRIAL COURT ERRED BY DETERMINING THAT HE DID NOT SATISFY THE REBUTTABLE PRESUMPTION OF INTENT TO INJURE PURSUANT TO R.C. § 2745.01(C)."

I.

{¶12} In their First Assignment of Error, appellants contend the trial court erred in implicitly permitting appellant to assert certain statutory employer immunity defenses. We agree.

{¶13} R.C. 4127.10 addresses the liability of employers participating in public work relief. It states as follows: "Employers who comply with sections 4127.01 to 4127.14 of the Revised Code, are not liable to respond in damages at common law or by statute for injury or death of any work-relief employee, wherever occurring. ***." For purposes of R.C. Chapter 4127, "employer" is defined, inter alia, as a "state agency having supervision or control of work-relief employees." *See* R.C. 4127.01(C).

{¶14} R.C. 4127.10 utilizes language similar to that in R.C. 4123.74, which states in pertinent part: "Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment ***."

{¶15} Appellee Morgan County Agricultural Society herein asserts in its response brief that during the development of the case below, "it became apparent that Appellee indeed met the statutory definition of employer, as defined by R.C. 4127.01." Appellee Brief at 9. Appellee also seems to assert, with little explanation, that it is a "state agency" for purposes of the statute. *See* Appellee Brief at 12. Appellee thus urges that appellants' exclusive remedy in this case is the workers' compensation system. Appellee Brief at 9.

{¶16} We note that in its motion for summary judgment, appellee argued that Edward "either has to successfully present an intentional tort claim pursuant to the statute, or he has no cause of action against the fairgrounds because he is barred from asserting an ordinary negligence claim against his employer." Summary Judgment Motion at 6. However, appellee never took this legal position via asserting a defense of

statutory immunity in its answer or by filing an amended answer with such a defense. In fact, it is undisputed that appellee originally asserted that Edward was *not* appellee's employee. Although there appears to be no case law on point as to work-relief situations under R.C. 4127.10, appellants direct us to *Hamilton v. East Ohio Gas Co.* (1973), 47 Ohio App.2d 55, for the proposition that the employer immunity defense set forth in R.C. 4123.74 must be pled as an affirmative defense under App.R. 8(C). In *Hamilton*, the Ninth District Court of Appeals held: "If all or any one of those causes of actions are barred by R.C. 4123.74 or 4123.74.1, the defendants should properly plead their contention as a defense, and then it could be tested by a proper motion under Civil Rule 56, or otherwise." *Id.* at 58. The Ninth District's decision in *Hamilton* has been relied upon by the First District Court of Appeals in *Merritt v. Saalfeld,* Hamilton App.No. C-840719, 1985 WL 11484, as well as the Third District Court of Appeals in *Schroerluke v. AAP St. Mary's Corp.,* Auglaize App.No. 2-95-27, 1996 WL 65595.

**{¶17}** Appellee did maintain in its answer that appellants' claims were "barred by the exclusive remedies set forth in the Ohio Constitution and the Ohio Revised Code. ***" *See* Answer of Appellee at para. 8. Appellee also included this statement in its answer: "This Defendant hereby provides notice of its retention to rely on other affirmative defenses as may be discovered or become apparent hereafter and specifically reserves the right to amend this answer to assert additional affirmative defenses as discovery progresses." *Id.* at para. 16. However, "[a] party seeking to assert an affirmative defense pursuant to Civ.R. 8(C) is instructed by the language of the rule that the listed affirmative defenses must be 'set forth affirmatively.' Courts construing this language have determined that a party must set forth the listed

affirmative defenses with specificity or else they are waived." *Taylor v. Merida Huron Hospital of Cleveland Clinic Health System* (2000), 142 Ohio App.3d 155, 157, 754 N.E.2d 810, citing *Arthur Young & Co. v. Kelly* (1993), 88 Ohio App.3d 343, 348, 623 N.E.2d 1303, 1306.

**{¶18}** Accordingly, we hold the trial court erred as a matter of law in permitting appellee to rely on the statutory immunity provided in R.C. 4127.10 for purposes of summary judgment under the circumstances of this case. In so holding, we do not reach the issue of whether Edward was or was not an employee of appellee under R.C. Chapter 4127. Appellants' First Assignment of Error is sustained.

II.

**{¶19}** In their Second Assignment of Error, appellants contend the trial court erred in applying an "intent" standard, as opposed to a "negligence" standard, in reaching its decision to grant summary judgment in favor of appellee. We agree.

**{¶20}** As an appellate court reviewing summary judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. *Porter v. Ward,* Richland App.No. 07 CA 33, 2007–Ohio–5301, ¶ 34, citing *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212.

**{¶21}** Civ.R. 56(C) provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary

judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * * "

**{¶22}** Appellants in the case sub judice essentially present a two-pronged argument: First, appellants maintain that there is a genuine issue of material fact as to whether appellee negligently injured Appellant Edward. Secondly, appellants argue that to the extent that comparative negligence exists in this matter, such an issue should be resolved by a jury.

**{¶23}** The record before us provides evidence that during time periods when Edward was doing his mowing work, appellee was operating the mower contrary to Toro's safety specifications. Included in the record before us is the deposition of Herman "Bud" Christopherson, who was an engineer for Toro from 1965 to 2000 and assisted in the design and testing of the Reelmaster 216 mower. According to Christopherson's inspection of the mower in question, two safety interlocks had been bypassed or removed at the time of the incident. *See* Christopherson Depo. at 25-26.[1] The design of these interlocks was such that if the operator either raised the mowing reels or lifted his or her weight off the seat, the mowing reels would stop spinning. *Id.* at 24.

**{¶24}** In its response brief, appellee, while maintaining its appellate argument that Edward was an "employee" and that negligence is not the standard, does not

---

[1]　Appellee maintains there were a total of two Reelmaster mowers at the golf course. See Appellee's Brief at 5.

dispute that "taking this as an ordinary negligence case, there may be genuine issues of material fact for a jury that could render the matter inappropriate for summary judgment." Appellee Brief at 12. Furthermore, because appellants have alleged that the injury to Edward occurred when he used his hand to clean off the mower reels, comparative negligence may be extant in this case. This Court has recognized that "[i]ssues of comparative negligence are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion." *Ortner v. Kleshinski, Morrison, & Morris*, Richland App.No. 02-CA-4, 2002-Ohio-4388, ¶ 26, citing *Simmers v. Bentley Construction Company* (1992), 64 Ohio St.3d 642, 597 N.E.2d 504, 1992-Ohio-42.

**{¶25}** Upon review, we find that genuine issues of material fact exist as to negligence and comparative negligence, and that the trial court erred in granting summary judgment in favor of appellee.

**{¶26}** Appellants' Second Assignment of Error is sustained.

III.

**{¶27}** In their Third Assignment of Error, appellants contend that if he is considered to be appellee's "employee," the trial court erred by implicitly determining that he did not satisfy the rebuttable presumption of intent to injure pursuant to R.C. 2745.01(C).

**{¶28}** R.C. 2745.01, which addresses requirements for employer liability, states in pertinent part:

**{¶29}** "(A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional

tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.

**{¶30}** " ***.

**{¶31}** "(C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.

**{¶32}** " ***."

**{¶33}** Based on our determinations in regard to appellant's previous assigned errors, we find the issues raised in appellants' Third Assignment of Error to be moot in the present appeal.

**{¶34}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Morgan County, Ohio, is hereby reversed and remanded for further proceedings.

By: Wise, J.
Gwin, P. J., and
Farmer, J., concur.



_____

_____

_____

JUDGES

JWW/d 0612

IN THE COURT OF APPEALS FOR MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT


EDWARD and AMY MARTIN                        :
                                             :
    Plaintiffs-Appellants                :
                                             :
-vs-                                         :        JUDGMENT ENTRY
                                             :
MORGAN COUNTY AGRICULTURAL                   :
SOCIETY                                      :
                                             :
    Defendant-Appellee                   :        Case No. 12 AP 0009


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to appellee.


_____


_____


_____

JUDGES