CITY OF TOLEDO, APPELLANT, *v.* LOWENBERG, APPELLEE.

(No. 4832—Decided February 21, 1955.)

*Mr. Nicholas J. Walinski,* for appellant.
*Mr. Arthur P. Feinberg,* for appellee.

CONN, P. J. The defendant was charged with failing to yield the right of way, in the operation of her automobile, at the intersection of Collingwood and Fernwood Avenues in the city of Toledo. Upon the trial, defendant was found guilty and judgment was entered against her accordingly.

An appeal was taken to the Common Pleas Court on questions of "law and fact" and that court, upon consideration thereof, found "there was error prejudicial to defendant-appellant on the face of the record and in the proceedings, finding and judgment of the Municipal Court," and reversed the judgment and discharged defendant.

From that judgment of reversal, the city of Toledo has appealed to this court on questions of law. No assignments of error, designated as such, were filed in this court, but it appears in the brief of counsel that the errors raised by defendant in the Common Pleas Court were that the arrest of defendant was unlawful and "error of law on the evidence."

A procedural matter is disclosed on the record, to which we direct attention. The appeal from the judgment in the Municipal Court to the Common Pleas Court was taken on ques-

tions of law and fact. Since appeals on questions of law and fact, broadly speaking, are at present limited to chancery cases, the jurisdiction conferred on the Common Pleas Court on such appeal would be to dismiss the appeal on motion or *sua sponte* by the court, and, thereupon, retain the cause as an appeal on questions of law. It appears that the case was heard and submitted as an appeal on questions of law. Under these circumstances, neither party having sustained any prejudice, the procedural irregularity may be passed.

The judgment entry in the Common Pleas Court did not set forth the specific grounds upon which the judgment was reversed.

The record discloses that the motor vehicle operated by defendant collided with a taxicab at the intersection of Collingwood and Fernwood Avenues; that the taxicab was moving south on Collingwood Avenue, a main thoroughfare; that defendant was proceeding west on Fernwood Avenue, approaching Collingwood Avenue, and, after making a safety stop, proceeded into the intersection; and that a collision occurred with the taxicab, resulting in damages to both vehicles and some personal injuries to the occupants.

It further appears that a police officer arrived at the scene in a few minutes, but did not witness the collision. After some investigation and interviews, the officer gave the defendant a ticket with the notation "failed to yield right-of-way," and that the defendant should appear in court on a day certain. Later the same day, the officer made an affidavit charging that defendant did unlawfully operate a motor vehicle at "Collingwood and Fernwood in the city of Toledo, and did then and there commit the following offense: * * * Failed to yield right-of-way."

The case was called at the time designated in the citation, and continued. After several additional continuances, the case was tried and defendant found guilty.

Counsel for defendant contends that the defendant was under arrest upon receiving the citation from the officer, and that an arrest for a misdemeanor by a police officer, not committed in the officer's presence, is an unlawful detention and amounts to false arrest.

False arrest consists of an unlawful and total detention or restraint upon one's freedom of locomotion, imposed by force or threats. See, also, 5 Ohio Jurisprudence (2d), 18, Section 2.

In the instant case, no restraint, total or otherwise, was imposed upon defendant by the officer's citation. So far as the record shows, the subsequent appearances of defendant in court were voluntary. It is clear that this is not a case of unlawful detention or false arrest.

The evidence is undisputed that Collingwood Avenue is a main thoroughfare and that defendant brought her motor vehicle to a stop immediately before entering the intersection. Defendant further testified that she waited until the intersection was clear before starting across and that when she was "almost across the intersection" the taxicab collided with the right front part of her vehicle. Defendant's testimony was corroborated by a witness, a lady passenger, who was sitting in the front seat to the right of the defendant at that time.

The operator of the taxicab testified that his speed was about 10 miles per hour as he approached the intersection and immediately prior to the collision, and that he was following another car at a distance of about 20 feet. This evidence is not corroborated. The vehicles collided with considerable force.

The witness called by defendant testified that the cab driver operated his vehicle faster than 10 miles per hour, and stated that "he was going fairly fast."

Section 2953.02, Revised Code, provides for the review of a judgment of the Municipal Court entered in a criminal case, including a conviction for the violation of a municipal ordinance, by the Court of Common Pleas, and, also, for the review of the judgment of the Common Pleas Court on appeal, by the Court of Appeals.

The issue raised on the appeal to this court is the validity of the judgment of the Court of Common Pleas.

We give attention first to the rule that all reasonable presumptions, consistent with the record, will be indulged in favor of the validity of the judgment under review. This rule applies to criminal cases as well as to civil.

We quote the statement on "Presumptions on Review," in 3 Ohio Jurisprudence (2d), 666, Section 714, as follows:

"A reviewing court generally indulges presumptions very freely for the purpose of sustaining the action of the lower court and very sparingly for the purpose of overthrowing it; presumptions are made in aid of the record rather than in opposition to it. Accordingly, a state of case which will invalidate the record or which is necessarily in conflict therewith, will never be presumed."

We have examined the record in this case, in the light of the presumptions in favor of the judgment entered in the Common Pleas Court, and have reached the conclusion that the evidence does not attain to that "high degree of probative force and certainty which the law demands to support a conviction."

*State* v. *Urbaytis,* 156 Ohio St., 271, 102 N. E. (2d), 248; *Atkins* v. *State,* 115 Ohio St., 542, 155 N. E., 189; *State* v. *Petro,* 148 Ohio St., 473, 76 N. E. (2d), 355, 5 A. L. R. (2d), 425.

A collision of two motor vehicles on a public highway does not invariably result proximately from the violation of a criminal statute or ordinance. Such collision may be proximately caused by negligence only. In such event, a cause of action for damages may arise and the case is limited to the civil side of the docket.

It is our opinion that the judgment of the Court of Common Pleas reversing the Municipal Court and discharging defendant should be affirmed.

The judgment is affirmed and the cause remanded to the Municipal Court for execution for costs.

*Judgment affirmed.*

FESS and DEEDS, JJ., concur.