Evelyn C. CANNON, etc., Plaintiff,

v.

Thomas O. METCALFE, Jr., etc., et al., Defendants.

Thomas O. METCALFE, Jr., etc., Third-Party Plaintiff,

v.

APPALACHIAN FLYING SERVICE, INC., et al., Third-Party Defendants.

No. CIV–2–76–143.

United States District Court, E. D. Tennessee, Northeastern Division.

July 8, 1977.

---

844

Paul Hogan, J. D. Lee, J. D. Lee Law Offices, Madisonville, Tenn., Slaughter, Jackson, Cooper & Watson, Bristol, Tenn., for plaintiffs.

M. Lacy West, Kingsport, Tenn., for Thomas O. Metcalfe, Jr. & Sealy Mattress Co.

Ray Moseley, Chattanooga, Tenn., for Teledyne-Continental, Inc.

R. Hunter Cagle, Knoxville, Tenn., for Cessna Aircraft.

J. Paul Coleman, Johnson City, Tenn., for Cardinal Aviation.

Robert R. Campbell, Knoxville, Tenn., for Bendix Corp.

Paul R. Leitner, Chattanooga, Tenn., for Raleigh-Durham.

McAfee Lee, Knoxville, Tenn., for Appalachian Flying.

Samuel R. Anderson, Chattanooga, Tenn., R. M. Kern, Santa Monica, Cal., Matlack, Foote, Scott, Joseph & Wilkinson, P. A., Wichita, Kan., for United Instruments.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

This is a civil action seeking compensatory and punitive damages for the wrongful death of the plaintiff's decedent. 28 U.S.C. § 1332(a)(1), (c). The defendant United Instruments Corporation (United) moved for a dismissal hereof as to it for lack of the Court's jurisdiction of its person, improper venue, insufficiency of service of process, and ostensibly for the plaintiff's failure to state a claim against it upon which relief can be granted.[1] Rules 12(b)(2), (3), (5), (6), Federal Rules of Civil Procedure. In the same motion such defendant also sought a summary judgment, apparently on the same grounds. Rule 56(b), Federal Rules of Civil Procedure. The defendant Raleigh-Durham Aviation, Inc. (Raleigh) moved for a dismissal hereof, or, alternatively, for the Court to quash service of process on it for lack of the Court's jurisdiction of its person, the insufficiency of the service of process, and ostensibly for the plaintiff's failure to state a claim against it upon which relief can be granted.[1] Rules 12(b)(2), (5), (6), Federal Rules of Civil Procedure.

A magistrate of this district, 28 U.S.C. § 636(b)(1), recommended that the aforedescribed motions be denied. Both United and Raleigh filed timely objections to such report and recommendation, idem., urging that the magistrate erred in his recommendations that this action was not barred by the applicable statute of limitations and that the Court did have jurisdiction over their respective persons. The Court considered de novo such portions of the magistrate's report and recommendation to which an objection was made. Idem.

" * * * This court is authorized to follow Tennessee law in the service of process. Rule 4(d), Federal Rules of Civil Procedure. * * * " Trussell v. Bear Manufacturing Company, D.C.Tenn. (1963), 215 F.Supp. 802, 803[1]. Herein, service of process on United was made pursuant to the provisions of the Tennessee long-arm statute, T.C.A. § 20–235.[2] Such state, and consequently this Court, may not, however, acquire personal jurisdiction over a party without that party's having certain minimal contacts with the forum state; such minimum contacts are constitutionally required. Hanson v. Denckla (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283; McGee v. International Life Ins. Co. (1957), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; International Shoe Co. v. Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

Nevertheless, " * * * the causing of a consequence in the forum state by the defendant can satisfy the requirements of the 'minimum contacts' test. * * * " Southern Machine Company v. Mohasco Industries, Inc., C.A. 6th (1968), 401 F.2d 374, 380[4]. Thus, " * * * [w]here a defendant voluntarily places its products into the channels of national commerce, it subjects itself to the operation of the Tennessee Long-Arm Statute, T.C.A.

---

1. Specifically, it is contended by United and Raleigh that this action is barred by the statute of limitations.

2. " * * * Persons who are nonresidents of Tennessee * * * and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

    \* \* \* \* \* \*

    "(b) Any tortious act or omission within this state;

\* \* \* \* \* \*

"(f) Any basis not inconsistent with the constitution of this state or of the United States.

" 'Person' as used herein shall include corporations in all other entities which would be subject to service or process if present in this state. Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative. \* \* \* " T.C.A. § 20–235.

§ 20–235(b), for the purpose of responding to a plaintiff's claim that he was injured in Tennessee as a result of tortious acts committed in another state or other states. The fact that a product was brought into Tennessee after purchase in another state, to which transaction the defendant was not a direct party, does not insulate the defendant from substituted service of process. * * * " *McCoy v. Wean United, Inc.*, D.C.Tenn. (1973), 67 F.R.D. 491, 493[3–5]. Furthermore, where a corporation " * * * causes to be set in motion events in one state that are likely to, and do result in injury to person and property in another state, [it] thereby renders [it]self subject to the jurisdiction of the state wherein injury occurs and is amenable to service of process pursuant to that state's long-arm statute. * * * " *Walker v. Kawasaki Motors Corporation*, D.C.Tenn. (1973), 62 F.R.D. 607, 611[4,5]. " * * * [E]ven if all the tortious acts in a case were committed outside the State of Tennessee * * * but the resulting tortious injury was sustained within the State, then the tortious acts and the injury are inseparable and jurisdiction lies in Tennessee. * * * " *Jasper Aviation Co., Inc. v. McCollum Aviation, Inc.* (Tenn., 1972), 497 S.W.2d 240, 244[4].

United's executive vice president filed an affidavit herein in support of its aforementioned motion, in which it is admitted that United distributed altimeters to aircraft manufacturers throughout the United States. It is alleged in the complaint herein without dispute that the defendant Cessna Aircraft Corporation is an aircraft manufacturer in Kansas. The Court notices judicially that Kansas is one of the United States of America. It is claimed therein also that injury and property damage were caused the plaintiff's decedent within Tennessee as the result of certain tortious acts committed by United in Kansas or a state or states other than Tennessee.

As to Raleigh-Durham, the complaint, as amended, alleges that such defendant sold the Cessna aircraft involved herein to the defendant's decedent and that Raleigh-Durham's tortious acts and omissions (apparently occurring without the state of Tennessee) were a proximate cause of the crash of said aircraft and the consequent death of the plaintiff's decedent.

Accordingly, under the foregoing criteria, the Court is of the opinion that both United and Raleigh have sufficient minimum contacts with the state of Tennessee as to render them subject to such jurisdiction's long-arm statute, *supra*. The aforementioned objections as to such ground hereby are OVERRULED.

The plaintiff's claim herein arose on February 13, 1976, the date her decedent was killed. The original complaint was filed herein on October 27, 1976, and on February 9, 1977 she moved for leave [3] to amend such complaint so as to add as additional party defendants herein, *inter alia*, United and Raleigh. Such motion contained the precise language which the plaintiff sought to include by such amendment. By memorandum and order herein of March 24, 1977, the magistrate of this district granted the plaintiff's motion to amend her complaint. 28 U.S.C. § 636(b)(1)(A).

As to the new parties added by such amendment, the same did not relate back to the date of the original complaint. *Malone v. Fisher Body Company*, C.A. 6th (1973), 489 F.2d 1057, 1064[9]; *United States v. Western Casualty & Surety Company*, C.A. 6th (1966), 359 F.2d 521, 523[4]. Thus, United and Raleigh contend that, as to each of them, this action was commenced on March 24, 1977 and accordingly, that it is barred under the provisions of T.C.A. § 28–304.[4]

A civil action is commenced by filing a complaint with the Court. Rule 3, Feder-

---

3. A responsive pleading having then been served herein, such leave was necessary. Rule 15(a), Federal Rules of Civil Procedure.

4. " * * * Actions for * * * injuries to the person * * * shall be commenced within one (1) year after [the] cause of action accrued. * * * " T.C.A. § 28–304.

al Rules of Civil Procedure. " * * * Filing a complaint requires nothing more than delivery to a court officer authorized to receive it. * * * " 4 Wright & Miller, Federal Practice and Procedure: Civil 168–169, § 1052. " * * * Papers and pleadings * * * are considered filed when they are placed in the possession of the clerk of the court. * * * " *Ibid.*, at 599, § 1153; *accord*: *United States v. Nunley*, D.C.Tenn. (1972), 369 F.Supp. 171, 172[1]. An action is commenced as against additional party defendants named in an amended complaint as of the date of the filing of the amended complaint, rather than the date of the order granting leave to so amend. *Derdiarian v. Futterman Corporation*, D.C.N.Y. (1964), 36 F.R.D. 192, 194[2]; *Gloster v. Pennsylvania Railroad Company*, D.C.Pa. (1963), 214 F.Supp. 207, 208[1]; *Robinson v. Waterman S. S. Co.*, D.C.N.J. (1947), 7 F.R.D. 51, 53[5], 54[9]; see also and cf. *Rosenberg v. Martin*, C.A. 2d (1973), 478 F.2d 520, 522[1], n. 1a, (holding that where a complaint was received by the clerk the action was commenced as of that date even though such complaint was not formally "filed" until after the court granted the plaintiff's accompanying motion to proceed in *forma pauperis*). The movants' objections on this ground hereby are OVERRULED.

The report and recommendation of the magistrate hereby are ACCEPTED,[5] and the aforementioned motions of United and Raleigh hereby are DENIED. 28 U.S.C. § 636(b)(1).

---

5. To the extent that the magistrate's report and recommendation concerned motions not appearing in this record the same hereby are REJECTED.