**WHITZEL et al.**

v.

**OHIO ATTORNEY GENERAL.**

Court of Claims of Ohio.

No. 95–08462.

Decided July 10, 1996.

**56**

*Harland M. Britz,* for plaintiffs.

*Betty D. Montgomery,* Attorney General, and *Peggy W. Corn,* Assistant Attorney General, for defendant.

FRED J. SHOEMAKER, Judge.

On August 3, 1995, plaintiffs, Carol Whitzel and William Whitzel, filed a complaint against defendant, the Ohio Attorney General. Plaintiffs assert several claims including (1) that as a result of the wanton and reckless conduct of defendant, plaintiff, Carol Whitzel, was falsely arrested and imprisoned; (2) that plaintiff, Carol Whitzel, was maliciously prosecuted by defendant; and (3) that plaintiff, William Whitzel, suffered a loss of services and consortium as a result of his wife's injuries. The court conducted a trial on June 13, 1996 on the sole issue of liability and renders the following decision.

On August 3, 1994, plaintiff, Carol Whitzel, received a letter written on the stationery of the Attorney General of Ohio. The letter indicated to plaintiff that she was being awarded $1,267 as a result of a recent class action settlement. The letter also informed plaintiff that she needed to contact the Ohio Attorney General's Office by August 5, 1994, in order to collect the settlement money.

The letter which plaintiff received was not actually a notice of a class action award but was instead sent as part of an undercover sting operation intended to attract persons with outstanding arrest warrants to the offices of defendant. The warrants involved were issued by the Sylvania Municipal Court and were held by the Lucas County Sheriff's Department. Once the persons with outstanding arrest warrants arrived at the Attorney General's Office, they were to be arrested by the Lucas County Sheriff's Department. The sting operation was a joint operation between defendant and the Lucas County Sheriff's Department.

When plaintiff received the letter, she called the Attorney General's Office to inquire about the class action award. Plaintiff believes that she spoke to Rhonda Dendinger when she called the number listed on the letter. Rhonda Dendinger has been an employee of defendant since January 1988. The person on the phone initially told plaintiff that she was not named on the list of those eligible for the class action award. However, upon further investigation, the person told plaintiff that there were two Carol Whitzels listed, and plaintiff was indeed one of the two individuals listed. Plaintiff then made an appointment to go to the Attorney General's Office on August 5, 1994, at 1:30 p.m.

On August 5, 1994, plaintiffs went to the Attorney General's Office, where they were greeted by Dendinger, who was posing as a receptionist in an office set up for the sting operation. Plaintiff gave the letter and her driver's license to Dendinger, who then compared plaintiff's Social Security number and address to that of the person named on the list of persons with outstanding arrest warrants. At this time, plaintiff was told that she was not the person named on the list. However, plaintiff told Dendinger to look further down the list because there were two Carol Whitzels named on the list. Dendinger found plaintiff Carol Whitzel's name on the list and told both plaintiffs to proceed into the next office to speak to the comptroller.

Upon entering the next office, plaintiffs were greeted by Pamela Crum and two other people. All three of these individuals were employed by the Lucas County Sheriff's Department. Plaintiffs were then told that a small matter involving the passing of bad checks had to be resolved. Plaintiff then explained to Crum that she was not the Carol Whitzel involved in writing the bad checks. This prompted Crum to ask one of the men in the room to verify that plaintiff was the correct Carol Whitzel. The man left the room and returned shortly to report that "all trails lead to her."

At this time, plaintiff Carol Whitzel was taken into another office while her husband, William, was told to go downstairs to the sheriff's office to resolve the matter. Mr. Whitzel went to the sheriff's office believing that the problem would be quickly resolved. However, that was not the case.

Plaintiff pleaded with those in the office to let her go. She insisted that she was a good citizen with a good job. Despite her pleas, plaintiff was handcuffed and arrested by an employee of the Lucas County Sheriff's Department. Plaintiff was then escorted out of the building and into a van, which transported her and others to the Lucas County Jail. None of defendant's employees was present in the van which transported plaintiff to the Lucas County Jail.

Upon arriving at the jail, plaintiff was fingerprinted and booked on charges of writing bad checks. Plaintiffs' attorney, Richard Emery, then arrived at the Sylvania Municipal Court and met with prosecutors. In a matter of about fifteen

minutes, the prosecutor realized that a mistake had been made, and ordered plaintiff to be released from custody. Plaintiff arrived at the Lucas County Jail at approximately 3:00 p.m., and was released sometime between 6:30 and 7:00 p.m.

The record indicates that the confusion surrounding plaintiff's identification arose because plaintiff's ex-daughter-in-law is also named Carol Whitzel. Plaintiff's name is Carol T. Whitzel, while her ex-in-law's name is Carol S. Whitzel. Carol S. Whitzel listed the same address as plaintiffs for some period of time and has a history of criminal charges involving passing of bad checks. Plaintiff, Carol T. Whitzel, does not have a criminal record but has been mistaken for her ex-daughter-in-law prior to this incident.

Plaintiff was handcuffed and arrested by employees of the Lucas County Sheriff's Department. From the time plaintiff entered the second office, she was in the custody and control of the Lucas County Sheriff's Department. Defendant took no part in the handcuffing or arrest of plaintiff. None of defendant's employees was present when plaintiff was transported to the Lucas County Jail. Defendant's employees also took no part in booking plaintiff.

Plaintiff claims that she was maliciously prosecuted by defendant. In order to prevail on a claim of malicious prosecution, plaintiffs must prove by a preponderance of the evidence (1) malice in initiating or continuing a criminal prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of defendant. *Trussell v. Gen. Motors Corp.* (1990), 53 Ohio St.3d 142, 559 N.E.2d 732.

"Probable cause" is defined as " ' "[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." ' " *Huber v. O'Neill* (1981), 66 Ohio St.2d 28, 30, 20 O.O.3d 17, 19, 419 N.E.2d 10, 12.

In this case, the warrants involved in the sting operation were issued by the Sylvania Municipal Court and held by the Lucas County Sheriff's Department. Defendant's agents acted upon the reasonable belief that the arrest warrants were valid. Therefore, the court finds that defendant acted reasonably and without malice, and had probable cause to believe that there was a valid arrest warrant pending against plaintiff.

Plaintiffs also contend that defendant's conduct constituted false arrest and imprisonment. In order to prevail on their claim of false imprisonment, plaintiffs must prove, by a preponderance of the evidence, that defendant intentionally acted to confine plaintiff against her will within a limited area for some appreciable amount of time and that defendant was without lawful privilege

to impose such a confinement. *Adamson v. May Co.* (1982), 8 Ohio App.3d 266, 8 OBR 358, 456 N.E.2d 1212. False arrest consists of an unlawful and total detention or restraint upon one's freedom of locomotion, imposed by force or threat. *Toledo v. Lowenberg* (1955), 99 Ohio App. 165, 58 O.O. 272, 131 N.E.2d 682.

Based upon a review of the facts, the court finds that plaintiff, Carol Whitzel, has failed to prove, by a preponderance of the evidence, that she was falsely arrested and imprisoned by defendant. In addition, the court finds that plaintiff William Whitzel's claim for loss of services and consortium is without merit. The court notes that plaintiffs have received a substantial settlement from a party not before this court, the Lucas County Sheriff's Department, for Carol Whitzel's arrest and William Whitzel's claim of loss of consortium.

For all of the foregoing reasons, judgment is rendered in favor of defendant and against plaintiffs.

*Judgment for defendant.*