OPINION
This case presents a timely appeal from the decision of the Mahoning County Court of Common Pleas granting summary judgment in favor of Appellee, Phar-Mor, Inc., and denying Appellant's motion for summary judgment. For the reasons that follow, the judgment of the trial court is affirmed.
On March 7, 1996. Jane Marie Ferraro ("Appellant") was shopping at the Phar-Mor store located at the Liberty Plaza on Belmont Avenue near Youngstown, Ohio. Appellant purchased a roll of film at the camera department situated at the front of the store. After making this purchase, Appellant requested the counter clerk to assist in installing the film in her camera. Once the clerk installed the film, Appellant put the empty film box and her sales receipt into her coat pocket. Appellant proceeded into the main part of the store where she continued shopping and purchased two bags of merchandise.
As Appellant was exiting the store a security alarm was activated. At this point a cashier from the store approached Appellant. (Complaint). Appellant informed the cashier that she had paid for the box of film and presented her with the empty film box and the receipt. The cashier commented that they apparently forgot to disengage the alarm device and informed Appellant that she was free to go. (Complaint).
Appellant proceeded to exit the store but as she approached the lobby, another store employee confronted her. This second employee, whom Appellant believed to be a manager, told Appellant to "come with me" and took the two bags of merchandise from Appellant. (Complaint). Appellant followed the store manager to the checkout counter, protesting that they had made a mistake. The store manager did not use any physical force or threats of physical force to compel Appellant to follow. (Deposition Transcript, p. 29). Once at the checkout counter, the manager inspected the contents of the bags. The checkout counter was located at the front of the store and other customers may have observed him inspecting Appellant's shopping bags.
After several minutes, Appellant asked the manager if he was finished examining the merchandise. He responded "yes, I'm done", and Appellant left the store. (Deposition Transcript, p. 29). The entire incident, from the time the alarm was sounded until Appellant ultimately left the store, lasted approximately five minutes. (Deposition Transcript, p. 30). Appellant was upset and considerably angry after the incident but did not seek any medical or psychiatric treatment. (Deposition Transcript, p. 34).
On April 1, 1996, Appellant filed a Complaint in the Mahoning County Court of Common Pleas against Appellee alleging that she had been falsely imprisoned and that her reputation had been injured. On December 8, 1997, Appellee filed a Motion for Summary Judgment, which included a certified copy of the transcript of Appellant's deposition. On December 26, 1997, Appellant filed a cross-motion for Summary Judgment which included an uncertified copy of the same deposition transcript. The trial judge, on February 18, 1997, issued a judgment entry overruling Appellant's motion and granting Appellee's Motion for Summary Judgment.
On March 6, 1998, Appellant filed a timely appeal urging this Court to reverse the trial court's February 18, 1998, order granting Appellee's Motion for Summary Judgment and to remand the case for a trial by jury. Appellant's sole assignment of error provides as follows:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHEN THE FACTS DEMONSTRATED A GENUINE ISSUE OF MATERIAL FACTS EXISTED AS TO WHETHER DEFENDANT ACTED IN A REASONABLE MANNER IN DETAINING PLAINTIFF."
Preliminarily, this Court notes that Appellant's complaint alleged that Appellee's actions rose to the level of false imprisonment. The complaint also appears to allege that the incident at issue resulted in Appellant being defamed, although the only reference to this cause of action is an allegation that Appellant's reputation was injured. Neither of the motions for summary judgment nor any subsequent document filed by either party, including the briefs before this Court, make any mention of a cause of action in defamation. The trial court's judgment entry granting Appellee's Motion for Summary Judgment also does not distinguish between the false imprisonment or the defamation claim. Therefore, this Court will presume the trial court's ruling encompassed both causes of action and will review the ruling accordingly.
As this case was disposed of by summary judgment, a recitation of the applicable standard of review is appropriate. When reviewing a trial court's decision to grant summary judgment, we review the evidence de novo and apply the same standard used by the trial court. Varisco v. Varisco (1993),91 Ohio App.3d 542, 543, citing Parenti v. Goodyear Tire RubberCo. (1990), 66 Ohio App.3d 826, 829; Bell v. Horton (1996),113 Ohio App.3d 363, 365. Summary judgment under Civil Rule 56 is only proper when the movant demonstrates that:
 "(1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds could come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."
Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346. These factors make it clear that summary judgment should be granted with caution, being careful to resolve doubts in favor of the nonmoving party. Id.
The party seeking summary judgment has the initial burden of informing, the court of the motion's basis and identifying those portions of the record showing that there are no genuine issues of material fact as to the essential elements of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must be able to point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claim.Id. If this initial burden is met, the nonmoving party has a reciprocal burden to, "* * set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not respond, summary judgment, if appropriate, shall be granted." Id.
A. Defamation
To establish a defamation claim, "a plaintiff must demonstrate the existence of a false publication causing injury to a person's reputation, or exposing him to public hatred, contempt, ridicule, shame or disgrace; or affects him adversely in his trade or business." Ashcroft v. Mt. Sinai Medical Center
(1990), 68 Ohio App.3d 359, 365. The essential elements of a defamation action are a false statement, that the false statement was defamatory, that the false defamatory statement was published, the plaintiff was injured and the defendant acted with the required degree of fault. Celebrezze v. DaytonNewspapers, Inc. (1988), 41 Ohio App.3d 343, 346. Therefore, to prevail on a defamation claim, Appellant must show that Appellee published a false statement concerning Appellant which harmed her reputation. Hersch v. E.W. Scripps Co. (1981),3 Ohio App.3d 367, 374.
We note here that the trial court was dealing with cross motions seeking summary judgment. In direct conflict with her trial court motion, Appellant now claims that there was indeed, an issue of material fact still to be decided by the trial court. In support of their efforts to obtain summary judgment both parties filed as evidence the deposition transcript of Appellant. This deposition testimony was Appellant's only evidence, in fact. Since both parties claimed in the lower court that this deposition testimony showed that there was no genuine issue of material fact and, thus, each side claimed to be entitled to judgment as a matter of law, we will review the deposition testimony with great care.
It is readily discerned from the record that Appellant's deposition testimony conflicts with, rather than supports, an action sounding in defamation. Appellant testified that the store manager initially requested Appellant to accompany him back to the checkout counter where he examined the contents of Appellant's bags. While Appellant was protesting her innocence, the store manager remained silent. The following dialogue is illustrative of this issue:
 "Q: Did he say anything to you other than come with me or something to that effect?
 "A: No, it was more or less no, I'm doing the talking. I'm doing the talking, and he's just ignoring me.
 "Q: Okay. But other than saying come with me and you can go, can you recall —
"A: I can't remember him saying anything else."
Appellant's deposition reveals no spoken or written words on the part of Appellees manager or any other representative of Appellee which could reasonably be construed as defamatory. As Appellant presented no evidence in support of an essential element in defamation and, in fact, appears to have abandoned that claim after filing the complaint, there are no issues of genuine fact in dispute and Appellee is entitled to judgment as a matter of law with respect to that claim.
B. False Imprisonment.
To establish a prima facie case of false imprisonment, a plaintiff must present evidence to support a finding that the defendant intentionally confined the plaintiff within a limited area, for any appreciable time, without lawful privilege or the plaintiff's consent. Witcher v. Fairlawn (1996), 113 Ohio App.3d 214,217, citing Feliciano v. Kreiger (1977), 50 Ohio St.2d 69,71. The burden of proving confinement rests with the plaintiff. Confinement consists of a, "total detention or restraint upon [the plaintiff's] freedom of locomotion, imposed by force or threats." Toledo v. Lowenberg (1955), 99 Ohio App. 165,167. If the plaintiff does not offer any proof of confinement, then the claim for false imprisonment fails as a matter of law. Mullins v. Rinks, Inc. (1971), 27 Ohio App.2d 45,48; Lester v. Albers Super Markets, Inc. (1952), 94 Ohio App. 313,320.
A person is not confined when she voluntarily appears at a premises and is free to leave. Walden v. General MillsRestaurant Group, Inc. (1986), 31 Ohio App.3d 11, 15. This Court has previously held that mere submission to verbal direction, unaccompanied by force or threat, cannot constitute confinement or detention. Condo v. B and R Tire Co. (May 29, 1996), Mahoning App. No. 95 CA 166, unreported. "A legal question arises as to what facts state a claim for false imprisonment, and the question of whether those facts existed is for the trier of fact." Uebelacker v. Cincom Systems, Inc.
(1988), 48 Ohio App.3d 268, 275, citing Bronaugh v. HardingHospital (1967), 12 Ohio App.2d 110, 120. Because in this case both parties initially agreed and the record substantiates that there is no dispute as to the relevant facts on this issue, the trial court was left with the legal determination as to whether the agreed facts presented a claim for false imprisonment.
In support of its Motion for Summary Judgment, Appellee provided the trial court with not only a certified copy of Appellant's deposition transcript, but with an affidavit from Mark Huan, the store manager at issue. At the deposition, Appellant testified in relevant part as follows:
 "Q: Okay. None of the employees of Phar-Mor used any physical force against you did they?
"A: Used any what?
"Q: Physical force?
"A: Oh, no, no.
 "Q: They didn't threaten to use any physical force against you?
 "A: No, no. It's just the way this one manager, the way he treated me, the way he made me feel that I just — the way he went about it, the way he —
"Q: All right. You said it's the way he went about it?
 "A: Yeah, the way he — you know, I'm trying to explain to him. I don't know, he just — ignoring me —."
Appellant's testimony concerning the absence of physical force is supported by Mark Huan's affidavit. In his affidavit, Mr. Huan states that no physical force was used or observed by him during the incident in question. He further stated that the entire event took less than five minutes.
Pursuant to Civ.R. 56, once Appellee met its burden in support of summary judgment, the burden shifted to Appellant to present specific facts showing that a genuine issue existed as to whether Appellee had, in fact, confined her. Appellant failed in this regard. Appellant presented absolutely no evidence other than a copy of this same transcript of Appellant's deposition testimony. Appellant also failed to point to any part of the record which would demonstrate that a genuine issue of material fact was in dispute.
This Court is aware that Appellee's Motion for Summary Judgment was based on the qualified immunity given to merchants pursuant to R.C. § 2935.041. This statute allows a merchant to detain a person suspected of shoplifting in a reasonable manner for a reasonable length of time to recover stolen property if the merchant has probable cause to believe that the person detained has shoplifted. Id. Appellant argues that after the cashier initially stopped her and then allowed her to leave, no probable cause existed to justify the store manager's subsequent actions.
This argument is unpersuasive, largely because the matter before us never reaches the issue. Before the question of probable cause and the applicability of R.C. § 2935.041 arises, there must be a threshold determination that the defendant caused a confinement. Lester, supra, 94 Ohio App. at 317. As Appellant presented no evidence to demonstrate any sort of confinement by law, a demonstration which is crucial to sustain a cause of action in false imprisonment, reasonable minds could come to but one conclusion, a conclusion adverse to Appellant's position. There being no issues of material fact in dispute, Appellee was entitled to judgment as a matter of law and the trial court properly granted Appellee's motion for summary judgment.
For all of the foregoing reasons, Appellant's sole assignment of error is overruled and the judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
Cox, P.J., dissents; see dissenting opinion.
APPROVED:
 _________________________ CHERYL L. WAITE, JUDGE