JOURNAL ENTRY AND OPINION
Appellant-plaintiff, Gwen Guerrero, is appealing the trial court's order granting summary judgment in favor of appellees-defendants, C.H.P. Incorporated, The Cleveland Hairport,[1] Mary Cieslak, Sharon Bell, Korrie Harper, Lana Staman and Evelyn Cieslak. Appellee-cross-appellant, Evelyn Cieslak, is appealing the grant of summary judgment on the counterclaims which she filed against appellant-cross-appellee. For the following reasons, we reverse and remand the trial court's decision granting summary judgment to appellees Mary Cieslak, Sharon Bell, Korrie Harper, Lana Staman and Evelyn Cieslak. The trial court's decision granting summary judgment to Gwen Guerrero on Evelyn Cieslak's counterclaims is affirmed in part and reversed in part.
Appellant's complaint alleged that on October 4, 1997, four beauticians who worked at the Cleveland Hairport assaulted and battered her. The beauticians were Sharon Bell, Korrie Harper, Lana Staman and Evelyn Cieslak. On January 7, 1998, appellant filed her complaint against Cleveland Hairport, C.H.P., Inc. and Mary Cieslak.
On July 8, 1998, appellant filed a Motion for Leave to File Accompanying Second Amended Complaint. This motion was granted on August 21, 1998. The second amended complaint was time stamped October 16, 1998. The amended complaint added Sharon Bell, Korrie Harper, Lana Staman and Evelyn Cieslak as defendants. The amended complaint alleged that Mary Cieslak participated in the assault, and that all the defendants conspired to commit battery.
Evelyn Cieslak filed counterclaims against appellant for defamation, malicious prosecution, abuse of process and false imprisonment.
Appellant averred as follows: She went to the Cleveland Hairport with J.B. Longville (appellant's mother), Charmaine Pletz and Kathy Detullio. Longville, Pletz and Detullio had rented space there, and had come to move their things out of the salon. When they were leaving, Shari Bell came out of the salon after them. Shari yelled at appellant, and then punched appellant. Appellant tried to defend herself. Then, Korrie put appellant in a headlock; Evelyn pulled appellant's hair and Lana jabbed appellant's ribs. Mary Cieslak was egging them on. Later, appellant discovered that Mary grabbed her as well. Appellant's written statement to the police says that someone held her arms back during the assault, rendering her helpless. Eventually, appellant left in a car.
The statements of Longville, Pletz and Detullio indicate that Shari initiated the fight by punching appellant. Appellant was trying to defend herself against Shari. Then, Evelyn, Lana and Korrie attacked appellant.
Jennifer Baker's statement to the police stated that she saw the fight from her balcony. One girl received all the punches delivered by a couple of the girls. Her statement does not identify which girl was receiving all the punches.
Matt Politsky's statement to the police stated that he saw a limited portion of the fight. He did not see any assault. One of the females who left in a car appeared battered.
The defendants' affidavits, statements and depositions indicate that appellant initiated the physical fight by grabbing Shari's arm in a threatening manner. Shari lightly slapped appellant. Then, appellant was beating up Shari. Mary's statement to the police said that she, Korrie and Lana pulled appellant off of Shari. Mary later deposed that they never touched appellant, and it was appellant's mother who pulled appellant off Shari. Korrie Harper deposed that she, Mary and Evelyn pulled appellant off Shari. Evelyn said that she touched appellant's waist, to try and get appellant off Shari.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT INCORRECTLY GRANTED SUMMARY JUDGMENT IN FAVOR OF LANA STAMAN, KORRIE HARPER, EVELYN CIESLAK AND SHARON BELL ON THE BASIS OF THE STATUTE OF LIMITATIONS.
An action for assault and battery must be commenced within one year after the cause of action accrued. R.C. 2305.111. If the plaintiff knows the identity of the tortfeasor, the cause of action accrues on the date the assault and battery occurred. R.C. 2305.111. In this case, appellant had to commence an action by October 4, 1998. The motion for leave to file the amended complaint adding the four beauticians as parties was filed before October 4, 1998. The motion for leave was granted before October 4, 1998. Appellant did not separately file the amended complaint until October 16, 1998.
An amended complaint changing a party relates back to the date of the original complaint if the proper party has notice of the action and the proper party knew or should have known that he would have been sued, but for a mistake concerning his identity. Civ.R. 15(C). An amended complaint adding a party does not relate back when the plaintiff was aware of the new defendant's identity, but had previously chosen not to sue him. See Kimble v. Pepsi-Cola Gen. Bottlers (1995), 103 Ohio App.3d 205, 207. In this case, the amended complaint does not relate back to the date of the original complaint. Appellant knew the identity of the four beauticians, but initially chose not to sue them.
We must determine whether the amended complaint was filed within the statute of limitations. A civil action is commenced by filing a complaint, and obtaining service within one year from filing the complaint. Civ.R. 3(A). Federal courts have held that a motion for leave to file an amended complaint, with an attached amended complaint, constitutes filing the amended complaint. See Mayes v. ATT Information Systems (C.A.6 1989), 867 F.2d 1172; Chaddock v. Johns-Manville Sales Corp. (S.D.Ohio 1984), 577 F. Supp. 937; Cannon v. Metcalf (1977),458 F. Supp. 843. The rationale is that the plaintiff has no control over when the court might decide the motion for leave. See Chaddock, supra. Additionally,:
 Filing a complaint requires nothing more than delivery to a court officer authorized to receive it. . . . Papers and pleadings . . . are considered filed when they are placed in the possession of the clerk of the court.
Cannon v. Metcalf (1977), 458 F. Supp. 843; see also Gloster v. Pennsylvania Railroad Co. (1963), 214 F. Supp. 207, citing Rule 5(e) of the Federal Rules of Civil Procedure. Ohio Rule of Civil Procedure 5(E) also provides that papers are filed when they are filed with the clerk of courts. The federal cases do not require that the word instanter appear in the title of the motion for leave to file an amended complaint. See Mayes; Chandler; Cannon; Gloster, supra.
Following the federal courts' decisions, one jurisdiction has held that the filing of a motion for leave to amend, with amended complaint attached, is sufficient to constitute filing of the amended complaint. Trosin v. International Harvester Co. (Oct. 24, 1986), Wood App. No. WD-86-37, unreported. Another jurisdiction has found that a motion for leave to amend filed within the statute of limitations was not sufficient if the amended complaint was filed after the statute of limitations. Meeker v. American Torque Rod of Ohio, Inc. (Franklin Co. 1992),79 Ohio App.3d 514. Meeker does not indicate whether the amended complaint was attached to the motion for leave to amend the complaint.
We find the reasoning in the federal decisions and Trosin, supra, persuasive. We hold that an amended complaint attached to a motion for leave to amend the complaint is filed on the date the motion for leave is filed. Thus, the amended complaint adding the four women was filed on July 8, 1998 and was within the statute of limitations.
The date of the time stamp creates a presumption as to when a document was filed. See Stevenson v. Wenner (1995), 102 Ohio App.3d 289 . The amended complaint was time stamped on October 16, 1998, after the statute of limitation had run. However, the presumption of the time stamped date is overcome by the fact that a motion for leave to amend, with an attached amended complaint, was filed previously.
Accordingly, this assignment of error is sustained.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT INCORRECTLY GRANTED SUMMARY JUDGMENT IN FAVOR OF MARY CIESLAK ON THE MERITS OF THE ASSAULT AND BATTERY CLAIM.
Summary judgment is appropriate upon the demonstration that:
(1) there is no genuine issue as to any material fact;
 (2) that the moving party is entitled to judgment as a matter of law; and
 (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.
See Civ.R. 56(C), Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. Summary judgment is proper after an adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.
The essential elements of battery are: the tortfeasor intends to cause a harmful or offensive contact, and in fact causes a harmful or offensive contact which damages the plaintiff. Hunter v. Shenango Furnace Co. (1988), 38 Ohio St.3d 235, 237. It is not necessary to intend the harmful result; it is sufficient to intend the offensive contact that causes the injury. Feeney v. Eshack (1998), 129 Ohio App.3d 489, 493. To constitute offensive contact, the contact must be offensive to a reasonable sense of personal dignity. Love v. Port Clinton (1988), 37 Ohio St.3d 98, 99.
Mary's statement to the police said that Mary pulled appellant off of Sharon Bell. There was no evidence this contact was offensive or harmful. Moreover, there was no evidence appellant was harmed when Mary pulled appellant off Shari. Appellant's statement to the police said that someone held her arms back, but there is no evidence that Mary did so. A reasonable trier of fact could not find that Mary individually committed battery upon appellant.
We must consider whether a reasonable trier of fact could find Mary liable for civil conspiracy or civil aiding-abetting. The tort of civil conspiracy is, "a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." Kenty v. Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415, 419. The element of "malicious combination to injure" does not require an express agreement between defendants, but only a common understanding or design, even if tacit, to commit an unlawful act. See Gosden v. Louis (1996), 116 Ohio App.3d 195, 219-220, citing Pumphrey v. Quillen (1955), 102 Ohio App. 173, 177-178. A tacit agreement typically does not exist between batterer and a person verbally encouraging a batterer. See Halberstam v. Welch (C.A.D.C. 1983),705 F.2d 472, 481.
Aiding-abetting does not require that the defendants form an agreement to injure another. Aiding-abetting includes the following elements:
 (1) the party whom the defendant aids must perform a wrongful act that causes an injury;
 (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance;
 (3) the defendant must knowingly and substantially assist the principal violation.
See Halberstam, supra at 477.
Furthermore, [a] person who is present at the commission of an assault or an assault and battery and who encourages or incites it by words, gestures, looks, or signs, or who in any way or by any means actually countenances or approves an assault and battery is deemed an aider and abetter and also may be held civilly liable.
Frigmanski v. Watruba (Mar. 23, 2001), Lucas App. No. L-00-1147, unreported, citing Ohio Jurisprudence 3d (1996) 19, Assault-Civil Aspects, Section 20. There was evidence that Mary was encouraging the battery. A reasonable trier of fact could find that Mary substantially assisted the battery.
Accordingly, this assignment of error is sustained.
 III.
Cross-appellant, Evelyn Cieslak's first assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLANT/CROSS-APPELLEE, GWEN GUERRERO, ON APPELLEE/CROSS-APPELLANT, EVELYN CIESLAK'S COUNTERCLAIMS FOR MALICIOUS PROSECUTION BECAUSE THERE REMAIN GENUINE ISSUES OF FACT AS TO MALICE AND PROBABLE CAUSE.
The elements of malicious prosecution are:
(1) malice in instituting or continuing the prosecution,
(2) lack of probable cause, and
 (3) termination of the prosecution in favor of the accused.
Criss v. Springfield Township (1990), 56 Ohio St.3d 82, 84. Malice means an improper purpose, or any purpose other than the legitimate interest of bringing an offender to justice. Id. The return of an indictment by the grand jury is evidence of probable cause. See Deoma v. City of Shaker Heights (1990), 68 Ohio App.3d 72 . The plaintiff must produce evidence demonstrating that the indictment resulted from perjured testimony or that the grand jury proceedings were otherwise significantly irregular. Id.
A reasonable trier of fact could conclude that cross-appellee was lying concerning Evelyn's involvement in the fight. The defendants and the plaintiff had completely different versions of the fight. The defendants' version was that Evelyn pulled cross-appellee away from Shari. Cross-appellee averred that Evelyn pulled her hair.
Cross-appellee's police report was made the day after the assault. The police report states that cross-appellee said her hand was not functioning correctly and she had a black eye. The officer did not observe any black eyes, and cross-appellee shook his hand fine. However, the transcript of the criminal proceeding revealed that cross-appellee had to go to the hospital for her injuries.
Cross-appellee's mother went to the police station every day to persuade them to prosecute. The Berea police never pressed charges. At the suggestion of her husband, a police officer, cross-appellee went to the County Prosecutor's office, and spoke with Carmen Marino. The county prosecutor filed criminal charges against the four beauticians.
From these facts, a reasonable trier of fact could conclude that cross-appellee was lying. The trier of fact could find that cross-appellee maliciously initiated the prosecution and perjured her testimony to the grand jury.
The criminal prosecution was terminated in favor of cross-appellant. All of the defendants were acquitted when the court granted the Crim.R. 29 motion at the close of the State's case. There was sufficient evidence from which a trier of fact could find the elements of malicious prosecution.
Accordingly, this assignment of error is sustained.
 IV.
Cross-appellant, Evelyn Cieslak's second assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLANT/CROSS-APPELLEE, GWEN GUERRERO, ON EVELYN CIESLAK'S COUNTERCLAIMS FOR DEFAMATION BECAUSE THERE REMAIN GENUINE ISSUES OF FACT AS TO WHETHER GWEN GUERRERO ACTED WITH RECKLESS DISREGARD OF THE TRUTH AND AS TO WHETHER SHE KNEW HER STATEMENTS TO LAW ENFORCEMENT PERSONNEL WERE FALSE.
To establish a claim of libel, the plaintiff must prove: (a) a false statement; (b) the statement was such that would injure the plaintiff's reputation, expose him to public shame or disgrace, or affect him adversely in his trade or business; (c) publication of the statement; (d) injury resulting therefrom; and (e) fault by the publisher. See Rogers v. Buckel (1992), 83 Ohio App.3d 653. Reporting a crime to authorities may be under a qualified privilege. See Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil Services, Inc. (1992), 81 Ohio App.3d 591, citing Hahn v. Kotten (1975), 43 Ohio St.2d 237, 243-248. Even if a person has a qualified privilege, she may still be liable for statements made with actual malice. A B-Abell Elevator Company, Inc. v. Columbus/Central Ohio Building Construction Trades Council (1995), 73 Ohio St.3d 1. Malice means the speaker knew the statements were false, or was reckless in regards to the truth or falsity. Id.
There was evidence from which a reasonable trier of fact could conclude that cross-appellee was lying about the fact that Evelyn battered her, or was reckless in regard to whether Evelyn battered her. A reasonable trier of fact could find that cross-appellee made the statements with actual malice.
Cross-appellant deposed that her reputation was not damaged and her business was not hurt. However, she was criminally prosecuted because of cross-appellee's statements. She had to pay attorney fees to defend herself in the criminal and civil actions. A reasonable trier of fact could find that cross-appellant proved all the elements of libel.
Accordingly, this assignment of error is sustained.
 V.
Cross-appellant's third assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF/APPELLANT, GWEN GUERRERO, ON DEFENDANT/CROSS APPELLANT, EVELYN CIESLAK'S COUNTERCLAIMS FOR ABUSE OF PROCESS BECAUSE THERE REMAIN GENUINE ISSUES OF FACT AS TO WHETHER THE PLAINTIFF HAD AN IMPROPER PURPOSE IN PURSUING CRIMINAL CHARGES AND/OR FILING THIS CIVIL CASE.
The elements of abuse of process are: (1) a legal proceeding has been set in motion in proper form and with probable cause; (2) that proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage resulted from the wrongful use of process. Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994), 68 Ohio St.3d 294. In this case, it is possible cross-appellee honestly believed that Evelyn Cieslak battered her. Then, at some point, cross-appellee discovered that Evelyn did not batter her.
Accordingly, this assignment of error is sustained.
 VI.
Cross-appellant's fourth assignment of error states:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFF/APPELLANT, GWEN GUERRERO, ON DEFENDANT/CROSS-APPELLANT, EVELYN CIESLAK'S COUNTERCLAIMS FOR FALSE IMPRISONMENT BECAUSE THERE REMAIN GENUINE ISSUES OF MATERIAL FACT AS TO THE CONFINEMENT OF EVELYN CIESLAK.
False imprisonment occurs when a person confines another intentionally without lawful privilege and against his consent within a limited area for any appreciable time, however short. Feliciano v. Kreiger (1977),50 Ohio St.2d 69, 71; Bennett v. Dept. of Rehabilitation and Corrections (1991), 60 Ohio St.3d 107, 109. Evelyn Cieslak averred that after her arraignment, she was held in custody for eight hours while she was booked.
Cross-appellee did not participate in booking cross-appellant or holding her in custody. Therefore, cross-appellant cannot be held liable for the false imprisonment of cross-appellant. See Whitzel v. Ohio Atty. Gen., (Ohio Ct.Cl. 1996) 79 Ohio Misc.2d 55, 58. Also, if a warrant was issued based upon false charges, the only claim that can be made is for malicious prosecution and not false arrest or imprisonment because the arrest and imprisonment were lawful. See Walker v. Kroger's (Apr. 29, 1994), Lucas App. No. No. L-93-162, unreported, citing Ballew v. Coney (1910), 22 Ohio Dec. 813, 10 Ohio N.P.(N.S.) 679.
Accordingly, this assignment of error is overruled.
The decision of the trial court granting summary judgment in favor of Gwen Guerrero is affirmed as to Evelyn Cieslak's claim for false imprisonment. Otherwise, the trial court's decision granting summary judgment to Gwen Guerrero on Evelyn Cieslak's counterclaims is reversed and remanded. The trial court's order granting summary judgment in favor of Mary Cieslak, Evelyn Cieslak, Lana Staman, Korrie Harper and Shari Bell is reversed and remanded.
It is ordered that appellees and appellant split the costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Appellant did not raise any assignments of error concerning C.H.P., Inc. or The Cleveland Hairport.